WILLIAM WALSH & another *vs.* RICHARD J. WALSH & others.

Suffolk. Nov. 20. — Dec. 2, 1874. WELLS & DEVENS, JJ., absent.

A decree against an infant trustee, even when the trust results by implication of law, is not erroneous for want of allowing him a day to answer after coming of age.

A decree made upon the consent of the guardian *ad litem* of an infant, and upon the representations of counsel and adjudication of the court that it was a decree fit and proper to be made as against an infant, is binding upon him.

A decree ordered four heirs at law, two of whom were infants, to convey an estate to the *cestui que trust* of their ancestor. Before the conveyance the *cestui que trust* died, having previously conveyed his interest in the estate to the two heirs who were of age. A decree was then made, reciting these facts, and ordering the infant heirs to convey their interest in the estate to the other heirs. *Held,* on a bill of review brought by the infant heirs against the others, to reverse the decree, that the *cestui que trust* had an equitable fee simple which he could convey, and that the fact that the conveyance had not been made to the *cestui que trust* was no ground for reversal.

BILL OF REVIEW, filed October 6, 1874, in behalf of William Walsh and Bridget Walsh, infants, and heirs at law and devisees of Richard Walsh, against Richard J. Walsh, Ellen E. Walsh and Thomas Keyes, to reverse a decree of this court, rendered

January 1, 1873, in a suit in equity in which Ellen Donovan was the plaintiff; and the plaintiffs in review, and Richard J. Walsh, Ellen E. Walsh, both heirs at law of Richard Walsh, Margaret E. Walsh, his widow, and Thomas Keyes, special administrator of the estate of Richard Walsh, were defendants.

The bill of review set forth that the bill in equity brought by Donovan alleged that, on March 30, 1860, Michael Driscoll was seised of the equity of redemption of a parcel of land, with the buildings thereon, situated on South Street in Boston, and being the estate occupied by Donovan and Richard Walsh for a residence from 1860 to 1870; that Driscoll conveyed the estate to Richard Walsh, but the consideration therefor moved from Donovan and not from Walsh, who became seised of the equity of redemption in trust for the use and benefit of Donovan; that he held the estate in trust for her until his decease, which occurred September 14, 1871; that his heirs at law were his children; and that he also left a widow, Margaret E. Walsh; that if no will should be proved and allowed, the legal title to said estate had come to the parties last above named by descent and operation of law; that an instrument purporting to be the last will and testament of said deceased had been filed in the Probate Court, but had not been allowed and proved, and that the plaintiff was informed and believed that proof and allowance of said instrument was to be contested; that the residuary devisees named in said instrument were the said Bridget, William and Margaret E. Walsh, to whom the legal title to said estate had come by operation of the will, if the will should be proved and allowed, but charged with the trust in favor of the plaintiff; that the bill recited various facts, consisting in part of declarations and acts on the part of Richard Walsh tending to show that he acknowledged himself as trustee, and various acts of ownership on the part of the plaintiff, and set forth various transactions in regard to paying and making mortgages upon the said estate; that the bill stated that Walsh and his representatives were indebted to the plaintiff in the sum of $400 for money received on a mortgage, and that the said Walsh and his representatives should account for the rents and profits upon the said estate since January 1, 1864, and should pay over the same; that the bill alleged that the defendants therein named refused to con-

vey said estate to the plaintiff, and that William and Bridget Walsh alleged that they were infants, and could not execute the conveyances to which the plaintiff claimed to be entitled; and that the prayer of the bill was, that Margaret E., Richard J., Ellen E., William and Bridget Walsh might be ordered to convey the said estate to the plaintiff, and that the said special administrator might be ordered to pay over to the complainant the sum of $400, and to account for and pay over to her also the rents and profits of the said estate since January 1, 1864.

The bill of review further alleged that Margaret E. Walsh and Thomas Keyes appeared, and suggested that the present plaintiffs were minors for whom no guardian had yet been appointed; whereupon Thomas Keyes was appointed guardian *ad litem* for the plaintiffs; that thereafter the plaintiffs, by their guardian *ad litem*, appeared and put in their answer to the bill, to the effect following: they admitted that on March 30, 1860, the said Michael Driscoll was the owner of the equity of redemption of the land described in the plaintiff's bill, subject to the mortgages amounting to $2100, and that on or about said date said Driscoll conveyed said land to Richard Walsh, subject to the said mortgages; but they denied that the consideration of said conveyance was only $1100, but averred that on the contrary it was, including said mortgages, $3650; they also denied every material allegation of the bill, alleging that the said Richard Walsh bought the estate for himself, and that it was paid for by him; that the said plaintiff had no other interest in the estate than as tenant of the said Walsh; that the said Walsh had always carried on the transactions relating to the estate in his own name, and not as trustee; they denied that said Walsh was bound to account to the plaintiff as alleged; and they denied that any trust resulted in said estate to the plaintiff; that Donovan filed a replication to this answer; and issue having been joined, the cause was heard before a justice of this court, on January 1, 1873, when a decree was pronounced, which was afterwards entered, as follows: " And the plaintiff and the defendants, Margaret E. Walsh, Richard J. Walsh, Ellen E. Walsh, Thomas Keyes in his capacity of special administrator of the estate of Richard Walsh, deceased, and also in his capacity of guardian *ad litem* of Bridget Walsh and William Walsh, consent-

ing to the following decree; and this court being satisfied upon the representations of counsel that the decree is fit and proper to be made as against the said Bridget and William; it is thereupon ordered and adjudged and decreed, as and for the final decree in this cause, that a trust be declared of one undivided half of the estate described in the plaintiff's said bill, subject to the incumbrances therein set forth; that the said defendants, Richard J., Ellen E., Bridget and William, convey said undivided half of said estate to the plaintiff by deed of quitclaim and release; that said defendant Keyes file an account of his special administration within thirty days, and that he pay the plaintiff one half of the net rents and profits of said estate received by him as such special administrator; that no costs be taxed."

The bill of review alleged that thereafter, on February 8, 1873, Richard J. Walsh and Ellen E. Walsh filed a motion in this court that the decree entered as and for the final decree in the cause, January 1, 1873, be in part rescinded and modified; which was done in accordance with the motion by a decree pronounced March 11, 1873, which was afterwards entered, as follows: " In this cause the death of the plaintiff since the entry of the decree of January 1, 1873, having been suggested, and it appearing that Richard J. Walsh of Boston, clerk, and Ellen E. Walsh of Boston, singlewoman, are entitled to prosecute this cause in the stead of the plaintiff, by reason of a conveyance from the plaintiff, a copy of which is filed with the papers in this cause, it is therefore ordered, adjudged and decreed as and for the final decree in this cause, that the defendants, Bridget and William, release and quitclaim to the said Richard J. two thirds of one undivided half of the estate described in the plaintiff's bill, and to the said Ellen E. one third of one undivided half of the said estate, the said grantees assuming, respectively, one third and one sixth of the mortgage thereupon, said conveyances to be executed within ten days from the date of this decree; that the defendant, Thomas Keyes, file an account of his special administration within ten days, and that he pay to the said Richard J. two thirds of one half of the net rents and profits of the said estate, and to the said Ellen E. one third of one half of said net rents and profits; said payments to be made within ten days from the allowance of said account; that no costs be taxed."

The bill of review then set forth the reasons why the decree should be reversed, which are stated in the opinion. The defendants demurred; the demurrer was sustained by *Devens*, J.; and the plaintiffs appealed.

*J. Q. A. Brackett*, for the plaintiffs.

*C. F. Williams*, for the defendants.

GRAY, C. J. This bill of review assigns three errors in the decrees in the original suit: 1st. That two of the defendants were infants, and that decrees were made against them without giving them a day after their coming of age to show cause against the same. 2d. That the decrees appear to have been made by consent of their guardian *ad litem*, and upon the representation of counsel, without proof. 3d. That the original plaintiff had no title which she could convey to those who were admitted to prosecute in her place. We are of opinion that the bill of review cannot be maintained upon either of the grounds assigned.

1. The ancient rule of practice in chancery, (recognized by this court in *Coffin* v. *Heath*, 6 Met. 76, and *Whitney* v. *Stearns*, 11 Met. 319,) which allows to an infant a day after coming of age to answer a bill filed against him during his minority, does not apply to infant trustees.

The St. of 7 Anne, *c.* 19, provided that infants holding lands in trust might be directed or required by order of the Court of Chancery or Exchequer, on the petition of their guardian, or of the *cestuis que trust*, to convey and assure the same. That statute was repeatedly held by Lord Chancellor King to include trusts resulting by implication of law. *Bertie* v. *Vernon*, cited in Mosely, 197, and 2 P. Wms. 549. *Holeworth* v. *Lane*, Mosely, 197. *Ex parte Vernon*, 2 P. Wms. 549; *S. C.* 7 Price, 685, note. Lord Talbot, indeed, apparently unaware of the decisions of his predecessor, expressed the opposite opinion, and decreed accordingly, but with liberty to the plaintiff to apply to the court in case any precedent could be found where such constructive trusts had been held to be within the statute. *Goodwyn* v. *Lister*, 3 P. Wms. 387. And Chancellor Kent considers the opinion of Lord King the better authority. *Livingston* v. *Livingston*, 2 Johns. Ch. 537, 541.

The Court of Chancery in some cases declined to act under the St. of 7 Anne, when the infant himself had or claimed any

interest in the estate. *Anon.* 2 Eq. Cas. Ab. 521. *Hawkins* v *Obeen*, 2 Ves. Sen. 559.

But our statutes have removed all doubt upon the subject, by providing that when a person seised or possessed of an estate, real or personal, or any interest therein, upon a trust, express or implied, is an infant, or under other disability, or out of the jurisdiction, this court may by decree direct either a sale or a conveyance to be made of such estate, or of any interest therein, by him or his guardian, or by some suitable person appointed by the court for the purpose, in the place of the trustee, in order to carry into effect the objects of the trust. Gen. Sts. *c.* 100, § 15.

The decrees complained of are not therefore erroneous for want of allowing to the infants a day to answer after coming of age.

2. A decree cannot indeed be safely made against an infant on default upon taking the bill for confessed for want of an answer, or upon an answer filed in his behalf by his guardian *ad litem ;* for the answer in such cases generally is, that the infant knows nothing of the matter, and therefore neither admits nor denies the allegations, but leaves the plaintiff to prove them, and throws himself on the protection of the court; and whatever it may be, it is the answer of the guardian and not of the infant, and therefore cannot be used against him. *Mills* v. *Dennis*, 3 Johns. Ch. 367. 1 Dan. Ch. Pract. (4th Am. ed.) 169.

The practice under the St. of 7 Anne, as stated in one of the earliest cases, was that, upon a petition in the name of the *cestui que trust*, and motion by counsel in his behalf that the infant should assign, " counsel is to consent for the infant," and the court then referred it to an officer like a master in chancery, and upon his report made an absolute order. *Duppa* v. *Briddley*, Bunb. 52.

An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of the suit, to the same extent as a person of full age. *Tillotson* v. *Hargrave*, 3 Madd. 494. *Levy* v. *Levy*, Ib. 245. And a compromise, appearing to the court to be for the benefit of an infant, will be confirmed without a reference to a master ; and, if sanctioned by the court cannot be afterwards set aside except for fraud. *Lippiat* v,

*Holley*, 1 Beav. 423.    *Brooke* v. *Mostyn*, 33 Beav. 457, and 2 De G., J. & S. 373.

If the court does pronounce a decree against an infant by consent, and without inquiry whether it will be for his benefit, he is as much bound by the decree as if there had been a reference to a master and a report by him that it was for the benefit of the infant.    *Wall* v. *Bushby*, 1 Bro. Ch. 484.    1 Dan. Ch. Pract. 164.    The case falls within the general rule, that a decree made by consent of counsel, without fraud or collusion, cannot be set aside by rehearing, appeal or review.    *Webb* v. *Webb*, 3 Swanst. 658.    *Harrison* v. *Rumsey*, 2 Ves. Sen. 488.    *Bradish* v. *Gee*, Ambl. 229; *S. C.* 1 Keny. 73.    *Downing* v. *Cage*, 1 Eq. Cas. Ab. 165.    *Toder* v. *Sansam*, 1 Bro. P. C. (2d. ed.) 468.    *French* v. *Shotwell*, 5 Johns. Ch. 555.

The only foundation of the statements in some of the text books, that if a decree against an infant is drawn up as made by consent, it will be error, is a very brief and imperfect report in 2 Freem. 127, as follows: " If an infant suffer a decree by consent, it is forever reversible, otherwise of an adversary bill." This is so contrary to the weight of authority, that Hovenden, in a note to that case, has suggested that " reversible " was probably a typographical error for " irreversible."    But that suggestion is refuted by referring to the Reports in Chancery, from which Freeman's report seems to have been abridged.    See Wallace's Reporters (3d ed.) 301.    It there appears that the case was of a motion for an injunction for want of an answer, and the point in question is stated thus: " If an infant suffer a decree against him by consent, he may at any time reverse it for that error of his being an infant; otherwise, if he be defendant by an adversary bill, and a decree pronounced."    3 Rep. Ch. 21.    If the case cannot be explained, ånd brought into harmony with the other authorities, by supposing its purport to be that when an infant suffers a decree to pass against him by mere default he will not be bound by it, but that a decree pronounced by the court after answer and hearing will bind him, it is too blind to be followed.

In the case before us, the first decree appearing upon its face to have been made, not upon the consent of the defendants and the guardian *ad litem* merely, but upon the representation of counsel and adjudication of the court that it was a decree fit and

proper to be made as against the infants, it must be held binding upon them.

3. The infants, together with the other defendants, having been thus duly adjudged to hold an undivided half of the land in trust for Ellen Donovan, the original plaintiff, she had an equitable fee simple therein which she might convey, and her conveyance passed her right to her grantees.

*Demurrer sustained, and bill dismissed.*