## IN THE MATTER OF THE APPLICATION OF AHIN BY L. A. DICKEY HIS NEXT FRIEND, FOR A WRIT OF MANDAMUS.

#### ORIGINAL.

SUBMITTED DECEMBER 29, 1897.    DECIDED JANUARY 14, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A District Magistrate may permit a next friend to bring an action for an infant in his court.

#### OPINION OF THE COURT BY FREAR, J.

The petitioner, Ahin an infant by Lyle A. Dickey his next friend, brought two suits in the District Court of Honolulu. The Magistrate issued summons in each case in the usual form

signed by himself. Upon the return day, said Ahin and said Dickey being present, the defendant in the two cases, one Tai On, asked for a continuance for one week which the Magistrate granted. On the day to which the cases were continued, Ahin and Dickey being present, the Magistrate of his own motion and without any claim or finding that the suits were not for the best interests of said Ahin or that they were instituted without his consent or that said Dickey was not a fit person to bring them, declined to hear and determine them, on the ground that said Dickey was not duly authorized to act therein as next friend.

A peremptory writ of mandamus is prayed for, commanding the Magistrate to hear and determine the actions.

The main contention of the Magistrate is that a District Magistrate has no authority to permit an action to be brought in his court for an infant by his next friend; and that such permission can be granted only by a Circuit Judge or Supreme Court Justice.

Rule 10 of the Circuit Courts, that "No process shall issue on the petition of the next friend of any minor not having a guardian, except by leave of Court, or of a Judge thereof," applies only to proceedings in the Circuit Courts or before Circuit Judges. Even if it applied to actions in District Courts it would not prevent District Magistrates from granting the "leave" mentioned.

Section 1962, Civ. L., provides: "Nothing in this chapter shall impair or affect the power of any Judge of the Supreme Court or Circuit Court to appoint a guardian to defend the interests of any minor impleaded in such Court, or interested in any suit or matter there pending, nor their power to appoint or allow any person as next friend for a minor, to commence, prosecute or defend any suit in his behalf." This is a section of the chapter which formerly provided for the appointment of guardians by Judges of the Supreme and Circuit Courts (now by Judges of the Circuit Courts only). Its object was not to provide that such Judges might appoint, or by implication that no other

Judge or Magistrate should appoint, a guardian *ad litem* or next friend, but merely to guard against the possibility that the provisions for the appointment of probate guardians by the Supreme and Circuit Court Judges might be construed to prohibit the appointment by those Judges of guardians *ad litem* or next friends. The object was, not to grant the power of appointing a guardian *ad litem* or next friend, or to confine it to certain Judges, but to make it clear that such power already existing was not intended to be taken away.

The appointment of a guardian *ad litem* or a next friend naturally belongs to the court in which he is to act. He is regarded as an officer of such court and such court may remove him for proper reasons and appoint another to act. We have no statute forbidding the appointment of a guardian *ad litem* or next friend by a District Magistrate. "The power to appoint a *prochein ami*, like the power to appoint a guardian *ad litem*, is inherent in every court, including justices of the peace." Woerner, Guardianship, 64. It may be better practice to obtain a formal order admitting a next friend to prosecute, but this is not absolutely essential. It is sufficient if the court recognizes the next friend and does not dissent. *Sick v. Mich. Aid Ass'n*, 49 Mich. 52. The main thing is to have the leave or sanction of the court. This may be shown by the court's entertaining the action in its earlier stages, or by ordering or issuing process, as was done by the Magistrate in this case. *Est. of Kealiiahonui*, 8 Haw. 93. The Magistrate apparently was under the impression that the question was jurisdictional and that until the next friend obtained a formal appointment by the proper Court or Judge he could not entertain jurisdiction. Failure to obtain an appointment or leave, formal or informal, would be at most but an irregularity. *Fellows v. Niver*, 18 Wend. 563; *Kearney v. Doyle*, 22 Mich. 294.

A peremptory writ of mandamus may issue as prayed for. No costs to be taxed to either party.

*L. A. Dickey* for applicant.

*Attorney-General W. O. Smith, contra.*