REBECCA LUKUA AND STEPHEN LUKUA v. KELU-
PAINA MANAIA, N. MANAIA, DAVID P. WAI-
WAIOLE, LUKA MANUIA, K. MANUIA, ABRA-
HAM PANUI, SARAH PANUI, JAMES KAIONA,
JAMES KAIONA, JR., A MINOR, KAWAHALOA
KAIONA, A MINOR, KALAOHAWAII KAIONA, A
MINOR, SOLOMON KAIONA, A MINOR, AND KA-
LAWAIA KAIONA, A MINOR.

Appeal From Circuit Judge, First Circuit.

Submitted May 23, 1912.                     Decided June 4, 1912.

Robertson, C. J., Perry and De Bolt, JJ.

Infants—*appointment of guardian ad litem—formal order not nec-
essary.*
    The appointment of a guardian *ad litem* of minor defendants
need not be made by a formal order. Any action on the part of
the court whereby a person assuming to act as a guardian *ad
litem* is recognized as such is equivalent to an appointment.
Same—*authority of guardian ad litem to consent to decree.*
    A guardian *ad litem* of minor defendants in a partition suit may
stipulate for the entry of a consent decree. In the absence of
any showing of fraud or bad faith or that the interests of the
minors have been prejudiced, such decree will not be disturbed
on motion of the purchaser at the partition sale.
Judicial Sales—*application of purchase money.*
    The purchaser at a partition sale upon paying the purchase
money into court is not bound to see to the application of the
money, and, hence, may not complain of a provision in the decree
of sale that a portion of the proceeds of sale shall be distributed
to the guardian *ad litem* of certain minor defendants who has not
been required to give security.

OPINION OF THE COURT BY ROBERTSON, C. J.

A bill for the partition of certain land was filed in the court
below on December 15, 1911. The bill was sworn to before
a notary public on August 21, 1911, and, bearing the same

date, were two orders signed by the circuit judge, one for the issuance of process, and the other appointing the defendant J. Kaiona guardian *ad litem* of his minor children who were also parties defendant to the suit. These orders were filed with the bill. Summons issued, and the return of the deputy high sheriff shows that personal service was made on each of the minor defendants. No answers were filed, but on January 5, 1912, a stipulation was signed by counsel for the parties plaintiff and defendant and the guardian *ad litem,* and filed, by which it was agreed that a decree should be entered directing the sale of the land, and, subject to the adjustment of certain claims of some of the parties for moneys expended for the benefit of the property, providing for the division of the proceeds of sale between the parties. The stipulation provided that the minor defendants should take one-ninth of the net proceeds, they being the children of one of the nine heirs of the former owner of the land who had deceased. An interlocutory decree in accordance with the stipulation was entered. The land was sold at public auction and one L. Ah Leong became the purchaser. The circuit judge confirmed the sale. Ah Leong then filed a motion to set aside the order confirming the sale on the grounds that at the date of the appointment of the guardian *ad litem* there was no case pending in court and that the appointment was therefore without jurisdiction; that the guardian *ad litem* was without authority to waive proof of the allegations of the bill or to consent to the entry of the interlocutory decree; that the decree is irregular and improvident in that it directs that the share of the minor defendants in the proceeds of sale be paid over to their guardian *ad litem;* and that as the attorney for the petitioners announced at the sale that the title to the land was good the purchaser was entitled to a marketable title, but which, by reason of the alleged irregularities in the proceedings, he could not obtain. The motion was denied and the movant appealed.

As to the appointment of the guardian *ad litem*. The order signed by the circuit judge on August 21st was a nullity. At the time that order was made there was no case pending; there were no infants before the court; there was nothing upon which the order could operate. It is not necessary, however, that the record should show that a formal order of appointment had been entered. Counsel for the appellant mistakenly assumes that section 2301 of the Revised Laws provides for the appointment of guardians *ad litem*. That section, relating to statutory and testamentary guardians, implies that courts have the power to appoint guardians *ad litem*. Referring to the statute, this court said in *Ahin* v. *District Magistrate*, 11 Haw. 279, 281, "The object was, not to grant the power of appointing a guardian *ad litem* or next friend, or to confine it to certain judges, but to make it clear that such power already existing was not intended to be taken away." Courts have inherent power to appoint guardians *ad litem* to represent infant defendants and protect their interests, when involved in litigation. There being no statute in this Territory providing for or controlling the appointment of guardians *ad litem,* our courts proceed upon their inherent authority. Such appointment being a matter of substance rather than of form, any action on the part of the court whereby a person assuming to act as a guardian *ad litem* is recognized as such is equivalent to an appointment. This principle was recognized by this court as to the appointment of a next friend of a minor in the *Ahin* case, supra. See also *Estate of Kealiiahonui,* 8 Haw. 93, 99. And in other jurisdictions it has been applied in cases involving guardians *ad litem. Barnard* v. *Heydrick,* 49 Barb. 62, 72; *Tibbs.* v. *Allen,* 27 Ill. 119, 124; *Crane* v. *Stafford,* 217 Ill. 21, 27; *Price* v. *Winter,* 15 Fla. 66, 104; *Tyler* v. *Jewell* (Ky.), 11 S. W. 25; *Ridgely* v. *Bennett,* 81 Tenn. 210, 219. In the case at bar, by direct reference in the decree to the stipulation, the court recognized James Kaiona as the guardian *ad litem* of his minor children, and we think that was sufficient.

As to the consent decree. It is contended that the guardian *ad litem,* even if properly appointed, was without authority to consent to the entry of the interlocutory decree and thereby waive proof of the allegations of the plaintiff's petition. On this question there is a sharp conflict of authority. The question is an open one in this jurisdiction, but the supreme court of the United States having ruled upon it we have no hesitancy in following that ruling. In *Thompson* v. *Maxwell Land Grant Co.,* 168 U. S. 451, 462, 463, that court said, "That infants are bound by a consent decree is affirmed by the authorities, and this notwithstanding that it does not appear that a prior inquiry was made by the court as to whether it was for their benefit. * * * Ordinarily indeed a court before entering a consent decree will inquire whether the terms of it are for the interest of the infants. It ought in all such cases to make the inquiry, and because it is its duty so to do it will be presumed, in the absence of any showing to the contrary, that it has performed its duty. In this case, while the decree fails to recite the making of such an inquiry, there is nothing to indicate that it was not made; the circumstances tend strongly to show that it was in fact made, and the finding is that the conclusion reached by the chancellor as to the advisability of the settlement was a sound exercise of his discretion." The case of *Walsh* v. *Walsh,* 116 Mass. 377, was quoted from approvingly. In that case it was said, "An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of the suit, to the same extent as a person of full age. * * * If the court does pronounce a decree against an infant by consent, and without inquiry whether it will be for his benefit, he is as much bound by the decree as if there had been a reference to a master and a report by him that it was for the benefit of the infant. * * * The case falls within the general rule, that a decree made by consent of counsel, without fraud or collusion, cannot be set aside by rehearing, appeal or review." 116 Mass. 382, 383. In the case at bar no answer was filed

by the guardian *ad litem,* but as answers of guardians *ad litem* are usually merely formal it is generally held that though it may be advisable to file an answer it is not absolutely necessary. *Bogert* v. *Bogert,* 45 Barb. 122. The record does not show affirmatively that the court made inquiry as to the rights of the infant defendants in the premises but ample time for such inquiry (thirteen days) elapsed between the filing of the stipulation and the entry of the decree. It is not contended that the court did not satisfy itself as to the propriety of the stipulation, nor is there any suggestion of fraud, or bad faith, or that the property was sold for less than its full value, or that the infant defendants were entitled to a greater share of the proceeds than was awarded them by the decree. Under these circumstances we hold that the decree was binding on the infants and should not be disturbed. Undoubtedly courts should be careful to see that the rights of infants who are brought into court are properly guarded and their interests protected against the antagonistic claims of others, but where litigation has been carried on in good faith and there is no reason to suppose that the interests of minors have not been well taken care of slight irregularities in the proceedings may and should be overlooked. In this case, to set aside the decree and compel a hearing of the case and a re-sale when there is no apparent prospect of obtaining a higher bid for the land or securing a larger share of the proceeds of sale would not be to the advantage of the infant defendants but their disadvantage.

As to the payment of the minors' share of the proceeds to the guardian *ad litem.* On the question of the right of a guardian *ad litem* to receive payment of money due his ward, the authorities are not in accord. In *State* v. *Ballinger,* 41 Wash. 23, 28, the court said that "the great weight of authority is to the effect that the guardian *ad litem,* while not clothed with the power to compound or settle the judgment in favor of the minor, has a right to satisfy the same." In a note to that case in 3 L. R. A. N. S. 72, it is said that, "the weight of authority in the

United States is against the authority of a guardian *ad litem* or next friend of an infant to receive payment of and satisfy a judgment recovered in behalf of the infant." It seems to be generally conceded, however, that moneys due and owing to infant litigants may safely be paid into court. This applies to purchasers at judicial sales. Such purchasers are not bound to see to the application of the purchase money. *Knotts* v. *Stearns,* 91 U. S. 638, 641.

Upon principle we should say that it was improvident and irregular to decree the payment of moneys belonging to the infants to their guardian *ad litem* whose proper functions terminated with the entry of the final decree, and who has not been required to furnish a bond or other security. But as the appellant may pay the purchase money into court, taking the receipt of the commissioner for the same, and is not responsible for the further disposition of it, he is not in a position to ask to be relieved from his purchase.

The trial court may see the advisability of taking steps by supplemental decree or otherwise to require security on behalf of the infants.

We hold that the appellant has not shown that the title to the property is not a marketable one.

The order appealed from is affirmed.

*J. Lightfoot* for plaintiffs.

*Smith, Warren & Hemenway and E. W. Sutton* for defendants.

*A. S. Humphreys for* L. Ah Leong.