## OCTOBER TERM, 1856.

## KELIIPELAPELA vs. PAMANO et al.

The due admission of a will to probate, by a court of competent jurisdiction, the judgment being unrevoked, is conclusive as to the validity of the will, and binding upon all persons.

Trover by the heir against the relations of the widow, who died before her dower was set off, for carrying off and converting to their own use personal property belonging to the husband's estate. Held: that defendants were liable.

JUDGE ROBERTSON delivered the decision of the Court as follows:
This is an action of trover brought by the plaintiff as heir and de-

visee of Kaapuiki, of Ewa, deceased, to recover the value of certain property devised to plaintiff by his father, and which he alleges to have been unlawfully taken possession of by the defendants, and converted to their own use. The amount of damages claimed by the defendant is $370. The parties by mutual consent waived a trial by jury, and submitted the case to the decision of the Court.

After due consideration of the evidence in the case, we are of opinion that the plaintiff is entitled to recover, upon the following grounds:

I. Under the will. It appears by the copy of the probate, under the seal of this court, put in as evidence by the plaintiff, that the will of Kaapuiki, his father, dated the 18th of October, 1853, was duly proved before JUDGE ROBERTSON, sitting as a Court of Probate, on the 19th of March, 1856. At the trial the defendants contended that the probate of the will is only to be regarded as *prima facie* and not conclusive evidence of its validity, and claimed the right to adduce testimony to impeach it. The Court reserved its decision upon the question thus raised, and permitted the defendants to introduce what testimony they could, with a view to invalidate the will. But it is necessary now that we should consider and decide what is the effect of the due admission of the will to probate. Is it conclusive, or is it not.?

In England, the Ecclesiastical Courts are alone empowered to take the probate of wills of personalty, and when such wills have been declared duly proven in those courts, as a legal consequence arising from their exclusive jurisdiction, their sentences are regarded as conclusive evidence of the right directly determined thereby. Hence, a probate, unrevoked, is conclusive as to the appointment of executor, and the validity and contents of the will, so far as it extends to personal property; and it cannot be impeached by evidence, even of fraud. And it has been decided in a modern case, that payment of money to an executor, who has obtained probate of a forged will, is a discharge to the debtor of the deceased, notwithstanding the probate be afterwards declared null in the Ecclesiastical Court, and administration granted to the intestate's next of kin. But, by the common law, the Ecclesiastical courts have no jurisdiction of matters concerning the realty; and therefore the probate, so far as the realty is concerned, gives no validity to the will. (Greenleaf on Evidence, vol. 1, sec. 518; Jarman on Wills, vol. 1, p. 21, note 4.) In many, if not all, of the United States, courts are constituted by statute, under the title of Courts of Probate, Orphan's Courts, or other names, with general power to take the probate of wills, without any distinction being made between wills of personalty, and wills of real estate; and where such power is conferred in general terms, it is understood to give to those courts complete jurisdiction over the probate of wills as well of real as of personal estate, and therefore to render their decrees conclusive upon all persons, and not re-examinable in any other court. (Greenleaf on Evidence, vol. 11, sec. 672, and cases there referred to.) In this kingdom, as in those of the United States spoken of above, the courts of probate established by statute possess exclusive jurisdiction in the matter of the probate of wills, and that too without any distinction being expressed as to whether they are wills of real estate, or wills of personalty. It would seem to follow

therefore that the probate of a will, duly obtained, and being unrevoked, ought to be received as conclusive evidence of the validity and contents of the will. The mode of proof of wills in this kingdom is according to what is termed " the more solemn form of law," that is *per testes*, upon due notice and hearing of all parties concerned. And a judgment of one of our probate courts upon the validity of a will, being the judgment of a competent court of exclusive jurisdiction directly upon the subject matter in controversy, and the same being in the nature of a proceeding *in rem*, in which all persons may appear and be heard upon the question, we think it ought to be regarded as binding upon all parties, and entirely conclusive.

If the probate has not been duly obtained, the proper remedy is by appeal to the Supreme Court or by application to the Judge of Probate, for a new hearing and revocation of the probate; but the validity of a will cannot be questioned in another court in the indirect manner contended for in this case.

2nd. The plaintiff would be entitled to recover even had there been no will. For, although some evidence has been adduced tending to cast a shade of doubt upon his being, as he claims, the son of Kaapuiki, by his first wife, yet we think the weight of evidence on this point is largely in his favor, and must be regarded as satisfactory in the absence of any positive evidence to the contrary. But it is contended by the defendants that Lihea, the last wife of Kaapuiki, survived him several weeks; that in that case she was entitled to one-third of his personal property, as dower, after payment of his debts; and that the defendants, who are near relatives of Lihea, took only what she would have been entitled to. It does not appear whether Kaapuiki left any debts unpaid or not, or if he did, whether they have been paid; and it is admitted by the defendants that his wife's dower, if she did survive him, which is far from being clear in our opinion, was never set off so as to be distinguishable from the rest of Kaapuiki's property, and it is no answer to this action for the defendants to say, that in carrying off and wrongfully converting the property, to the possession of which the plaintiff was clearly entitled, they only took that which would have been set off as Lihea's dower. It is questionable, too, if Lihea was entitled to any right of dower in the property in controversy, for it appears by the evidence that it does not include any part of what appears to have been regarded by Kaapuiki as his wife's separate property, derived from her former husband, none of which is included in Kaapuiki's will.

Some other points were raised by defendants' counsel at the hearing, but we think it unnecessary to advert to them, and it only remains for us to say what amount of damages the plaintiff is entitled to recover. The evidence is conflicting as to the actual value of the property converted, as it is upon other points; and perhaps we can only approximate to the proper value after balancing the testimony on both sides. We are of opinion that the plaintiff ought to recover as damages the sum of $145.

Let judgment be entered in favor of the plaintiff accordingly, with costs.

Mr. Honolulu for plaintiff.
Mr. Davis for defendants.