In the matter of the Estate of Paaluhi, deceased.

SUPREME COURT—IN BANCO.

JULY TERM—1876.

Harris and Judd, J. J.

IN THE MATTER OF THE ESTATE OF PAALUHI, DECEASED.

PROBATE of an earlier will revoked, but with costs against a party who had fraudulently propounded it.

OPINION BY HARRIS, J.

This case presents a singular statement of facts.   It appears that after the decease of S. Puhi, one John Ii, together with one Sylva were appointed administrators of his estate at Lahaina, Maui, as having died intestate, by the Circuit Judge of that district, on the 26th of January, 1872.

In the proceedings before the Circuit Judge this John Ii, who is the same person who propounds the will under consideration, was a witness, and swore that he (Puhi) died without making a will, and he had never heard him say that he had made a will.   On the 9th of December, 1872, a will of Puhi's was offered for probate at Honolulu before one of the Justices of the Supreme Court sitting as Judge of Pro-

In the matter of the Estate of Paaluhi, deceased.

bate, which will was dated the 9th of March, 1869, in favor of His Majesty Kamehameha V. This will was declared duly proven. The same Ii was a witness and testified that Puhi did not tell him who he had left his property to.

On the 20th of October, 1873, the present will was offered for probate. This will bears date, 23d November, 1871. It differs from the first will by devising a piece of land in Molokai to J. M. Kanoa. The King Kamehameha V. had died in the meantime.

It appears that the application to prove the last mentioned will was made under the name of Kanoa, whilst he testified before Judge Fornander and at the hearing for probate of the first will under the name of Ii, so that no suspicions were excited regarding his identity, and the second will was declared duly proven. But it having been discovered that the man who propounds the second will under the name of Kanoa, was the same who testified at Lahaina under the name of Ii, motion is made to set aside the probate of the second will as having been fraudulently procured.

It is made to appear that he is known under both names.

It is now made to appear that the proponent himself wrote the second will on the day of Puhi's decease, and the testimony of the witness to the will and of other witnesses as well, who testified to being present, seem to us to be very conclusive on the fact of the will having been made.

The solution of this singular conduct seems to us to be, that the will was actually made as testified to, and that Ii alias Kanoa undertook to suppress it, with a view of depriving the King of his bequest and of dividing the estate between himself and another relative of the deceased; that when the first will was propounded, the consciousness of his first sin, made him afraid to bring forward the second will, and now the death of King Kamehameha V., combined with the desire of possessing the property, and, as it is said, a

fear of being displaced from it, has induced him to bring forward the second will.

Certainly, the heirs of His late Majesty had good reason for moving to set aside the probate, and if the proof was not so strong that the will in question was really executed by a person having a knowledge of what he was doing and intending that the property should go as he devised, the conduct of the proponent of the will would undoubtedly break it down.

We are, however, convinced that the fraud was in the proceedings before Judge Fornander at Maui, that Ii alias Kanoa fraudulently suppressed the second will, and that it is the last will and testament of Puhi and so we do adjudge; but we likewise adjudge that Ii or Kanoa shall pay all the costs which have been incurred from the attempt to prove the will dated the 9th of March, 1869, which was admitted December 9th, 1872, to the present time.

A. S. Hartwell for petitioner.

E. Preston for respondent.

Honolulu, August 10th, 1876.