E. P. ADAMS & C. S. BARTOW *vs.* W. C. PARKE,
Commissioner, etc.

IN EQUITY. BEFORE JUDD, J.

JANUARY, 1881.

A Court of Equity may enquire into the jurisdiction of a Court of Probate, although both jurisdictions are exercised by Judges of the same Court.

A commissioner, appointed by a Probate Court to partition and sell at public auction real estate of a decedent, is not obliged to hire a licensed auctioneer to conduct the sale, but may do it himself.

The Court refuses to grant an injunction to restrain the sale by the commissioner, upon the prayer of plaintiffs, who are the only licensed auctioneers in Honolulu, although not in partnership.

DECISION OF JUDD, J.

The plaintiffs aver that they are the only auctioneers licensed for the Island of Oahu, and that the respondent is intending to sell a large quantity of land on the 31st January, at public auction, which the plaintiffs urge is an infringement of their rights. The respondent has pleaded the order of the Chief Justice authorizing him to sell the land in question, as commissioner in partition of the estate of Charles Kanaina, deceased. The statutes of this Kingdom impose a penalty upon whoever, not being a licensed auctioneer, shall sell any property at public auction, and a commissioner in partition is not specifically mentioned among those to whom the statute shall not be held to apply.

The first question is whether the plaintiffs have such an interest in this matter as to entitle them to ask for an injunction to restrain the respondent from making the sale.

It is urged by the respondent that the application of only one of the plaintiffs would not be sufficient, for it would not be apparent that he would receive the commission to sell this estate if it was to be sold by a licensed auctioneer, and there-

fore he would not be liable to be damaged; and further, that the two licensed auctioneers have not a joint interest in the subject of this suit so as to entitle them to sue jointly, because they do not share the commissions.

I am of the opinion that it is sufficient that all the parties whose interests are alleged to be affected are plaintiffs, that is, that all the licensed auctioneers of this island join in the bill.

It is further urged that equity cannot enjoin the exercise of a particular privilege by an unlicensed person when the statute provides ample means for its prevention by a penalty; and it is suggested that the allowance of this injunction would cover the case of traders at wholesale or retail, who, if unlicensed, could by parity of reasoning be restrained from thus trading on the application of the licensed traders for an injunction.

The only damage to themselves that such petitioners could allege would be that the unlicensed dealers, other things being equal, could undersell them by the amount saved in expenses by not paying for a license. But "other things are not equal," for there are many other matters that enter into the case which give the advantage to one person over another in trade, as a superior location, for instance, and such a matter as this is not an injury to any other merchant.

The Government desired to make revenue from licensing such businesses, and, to secure the result that all persons thus desiring to deal shall take out a license, has imposed a penalty on whoever shall sell at wholesale or at retail without licenses. No one person who is licensed can be damaged pecuniarily by any one other person who sells without a license, and therefore, this cannot be claimed in behalf of any number or the whole number of those who are licensed.

With the case of auctioneers it is somewhat different. If the law allowed but two to exercise this business, and these two joined in this petition, there would be more reason in their claim, for the amount by which they might be damaged could be ascertained, it being the amount of commissions illegally received by the unlicensed auctioneer. But the question of

apportionment between them would remain, and as we have seen, their interest is not joint.

The case of a private or public nuisance, where a right to petition for an injunction exists, is not analogous. I am aware that where a franchise is granted by the State which is infringed upon, an injunction would lie—but the franchise must be an exclusive one by law, so that the infringement would be a clear trespass upon the title. If even between the filing of this petition and the day of sale, there should be other auctioneer's license granted, the prayer of the petition would not be granted, because then it would not be certain but that the sale might be made through the newly-licensed auctioneer, and in such case it is clear the plaintiffs could not complain.

I have grave doubts as to the right of the petitioners to the relief prayed for, because, as I have said, it is not apparent that they will suffer damage, and the law has provided what the Legislature has considered ample means of protection by prescribing punishment against persons plying this vocation without a license.

The plea sets forth in full an order of the Chief Justice of this Court, dated 6th January, 1880, by which it appears that the respondent was appointed a commissioner in partition in an estate in course of probate, and that he was therein ordered to sell at public auction the remaining estate of the deceased, in order that the proceeds might be divided among the heirs, it appearing to the Court that partition could not be made without great prejudice to the parties interested.

I do not admit that a Court of Equity, such as is now invoked, is bound to respect whatever order or decree a Court of Probate may make without inquiring into its authority or jurisdiction. The fact that these widely differing jurisdictions are exercised by the different judges of one and the same Court, does not take away from the judge exercising the equity powers conferred by law upon it, the authority to examine into the decree made by the Probate Judge.

But on examination into the authority to make the order

pleaded I find it ample. Section 852 of the Civil Code confers upon a judge of this Court at Chambers the authority to order a sale under the circumstances described. The Court cannot be expected to act as salesman, conveyancer or auctioneer. It must act through some one. In this section, as in many others of our somewhat meagre Code, the authority is given and it is left to the Court either by general rule or the practice in particular cases to prescribe the method and means by which this authority shall be enforced or carried out. It is evident that this sale must be by auction, to ensure public competition and a prompt settlement of the estate.

It is to be presumed that the Legislature intended to confer upon the Court the authority necessary to enable it to enforce its orders, and this, too, through officers of its own appointment, so that it can be certain that they will be executed. If the Court were limited by the statute to make all the sales ordered by it through licensed auctioneers, the estate sold would be liable to charges over which the Court would have no supervision, and there could be instances imagined in which, as in case of illness or absence of the licensed auctioneers, the Court might not be able to enforce its decrees for want of an auctioneer.

There is indeed nothing to prevent a commissioner in partition, as also executors, guardians or other officers of the Court, or persons acting under its authority, from selling through an auctioneer, providing the expenses are not thereby increased, and in many cases it would be to the advantage of the estate to make the sale in this way.

But to admit that the Court has the power to enforce a sale of an estate at public auction, and to hold that such a sale must be made through a person, not its officer, and not amenable to its authority, would not be consistent.

I think the bill should be dismissed.

*S. B. Dole,* for plaintiffs.

*E. Preston,* for respondent.

Honolulu, January 29th, 1881.