PUPUKA *et al. vs.* MAIWELA *et al.*

EJECTMENT.  BEFORE JUDD, C.J.

NOVEMBER, 1882.

§1007, Civil Code, allows an appeal on points of law to the Supreme Court in Banco from decision of a Circuit Judge in Probate.

An absolute deed, admitted to probate as a will, is conclusive on all parties, unless probate is revoked.

DECISION OF JUDD, C.J.

This is an action to recover one undivided fourth of a parcel of land situate in Wailua and Kamaee, in Hilo, Hawaii, granted by Royal Patent No. 2367, to Kaualii and Kalepo, and consisting of 136 acres. The plaintiff Pupuka (w.) is admitted to be the sister of Kaualii, one of the patentees, and claims in her own right as his heir, and shows a deed to herself from Mahiki (k.), a brother of the said Kaualii, of his interest in this estate. The defendant Maiwela is admitted to be the widow of the said Kaualii.

The defendant Kalepo appears claiming only one undivided half of this land and disclaiming as to the rest.

The defendant Maiwela introduces a paper certified by Hon. F. S. Lyman, a Circuit Judge of the 3d Judicial Circuit, to have been admitted by him on the 28th August, 1880, as a will of the said Kaualii, devising this estate to the said Maiwela.

It is admitted that the proceedings in the Probate Court were regular, and that plaintiffs were present in Court as contestants.

The paper introduced appears to be in the form of an absolute deed from Kaualii to his wife, and counsel for plaintiff contends it is void.

Counsel for defendant contends that the probate of this instrument as a will is conclusive in every Court until revoked, and that the plaintiff should have appealed if dissatisfied.

Against this view it is contended that there is no provision in

the law for an appeal to the Supreme Court in Banco from a Circuit Judge sitting in probate.

In my opinion Sec. 1007 of the Civil Code allows an appeal from a Circuit Judge sitting in chambers as a Probate Court to the Supreme Court in banco, if on a point of law, and by the Act of December 31st, 1864, an appeal on the facts may be heard by a jury in the Circuit or Supreme Court, providing the estate be of the value of $500.

Is the probate of this instrument conclusive? It may often happen that a paper, apparently a deed, may have a testamentary character of which the Probate Court is to judge. Such was the view of this Court in the case of *Kapela vs. Hoohoku*, 4 Hawn., 513.

The case of *Keliipelapela vs. Pamano*, 1 Hawn., 280, is in point and is authoritative. Here the Court held that "the due admission of a will to probate by a Court of competent jurisdiction, the judgment being unrevoked, is conclusive as to the validity of the will and binding upon all' persons."

The proper remedy is there suggested to be an application for revocation of the probate. I think the certificate of probate covers more than the mere formalities of due execution before the requisite number of witnesses and the sanity of the person executing the paper, and includes the question whether the paper was a testament or not.

Judgment for defendants.

*Cecil Brown,* for plaintiff.

*W. R. Castle,* for defendants.

Honolulu, November 1st, 1882.