## ESTATE OF KAUALII, DECEASED.

APPEAL FROM LYMAN, CIRCUIT JUDGE, SITTING IN PROBATE.

APRIL TERM, 1884.

JUDD, C. J.; MCCULLY AND AUSTIN, JJ.

An instrument in form of a deed, but intended by the maker to have effect only after his death, held properly construed as a will; approving *Kapela vs. Hoohoku*, 4 Hawn., 513.

Although Probate Courts have jurisdiction to entertain a petition for revocation of probate of a will after the time for an appeal has lapsed, sufficient grounds should be alleged in the petition, and it must not be merely a method of gaining an appeal lost to the contestant by want of diligence.

OPINION OF THE COURT BY JUDD, C. J.

THIS is an appeal from a decision of Circuit Judge Lyman, refusing to revoke the probate of the will of one Kaualii, deceased. It appears that on the 28th of August, 1880, Judge Lyman admitted the will to probate and no appeal was taken by the contestants. On the 30th November, 1883, a petition to revoke the probate of this will was filed before the same Judge. Hearing was had on the 7th of March, 1884, and the case was submitted upon the record of the evidence upon which the Circuit Judge admitted the will to probate. No additional testimony was offered. It is claimed on the appeal to this Court that the instrument propounded as the will of Kaualii is not equivocal on its face, and is plainly in form a deed of conveyance from him to his wife, and has no testamentary character.

This Court decided in *Kapela vs. Hoohuku*, 4 Hawn., 513, that an instrument conveying land in the form of a deed, having been declared by the maker to be his will, and that it should take effect after his death, being attested by two or more witnesses, should be properly construed as a will.

Upon a review of the testimony taken we are of the opinion that the instrument in question was properly construed as a will. It is fully proven that it was intended by the maker to operate as

a disposition of his estate after his death. It is called a "Will" by the maker, and the conversation held at the bedside of the sick man, who was directing its making, all shows that it was so intended and made in the expectation of death, which occurred soon after. No consideration passed, but it is stated in the instrument to be $10 and the faithful care by his wife of the testator "until the end of his life." One witness says that the maker said he wished to give all his property to his wife, for if he recovered there would be no harm in having made the will, and if he died it (his property) would be settled. Another witness says that one Mahiki objected to Kaualii making a will, saying that his relatives would not trouble his property. Kaualii said to Mahiki: "No. Make a will, lest you and other relatives disturb the property of my wife."

Having thus found that there was good ground for admitting the instrument as a will and no reasons shown for revoking its probate, the appeal must be dismissed. But we wish to say further that, while not questioning the jurisdiction of a Probate Court to entertain a petition for revocation of the probate of a will after the time for an appeal has passed, there should be alleged in the petition good grounds for making such a request. For example, the existence of after-discovered evidence or of some evidence which was not submitted to the Probate Court, which would place the matter in a new light and show the Court that a mistake had been made. In other words, the application for revocation must not be merely a method of gaining an appeal lost to the contestant by want of diligence.

In 12 Allen, 1 (*Water vs. Stickney*), the Court say that the English authorities recognize as sufficient causes of revocation, forgery of the will, fraud in obtaining probate, neglect or mismanagement in conducting the suit, or the production of a later will.

The Court say, further, that Courts of probate have undoubtedly the authority to correct errors in their decrees upon clear proof of fraud or mistake on points not actually presented and passed upon. Such we deem to be a proper exposition of the law.

Judgment of the lower Court confirmed.

*F. M. Hatch* and *C. Brown*, for petitioner.

*W. R. Castle*, for respondent.

Honolulu, May 22, 1884.