ESTATE OF KEALIIAHONUI, Deceased.

APPEAL FROM BICKERTON, J.

HEARING, JUNE 17, 1890.   DECISION, JUNE 25, 1890.

McCULLY, BICKERTON, DOLE, JJ :   JUDD, C.J., not sitting, having acted as Counsel in similar proceedings against the Estate.

A petition for revocation of probate of a will was filed by " Kamehaokalani, a minor, by F. W. Malaihi, her next friend." The Rule of Court required that in every suit to be instituted on behalf of a minor by his next friend, it shall be incumbent to obtain the sanction of the Court or of one of the Justices thereof before the issuing of process.

Held, the Judge's order for the issue of process, endorsed on the petition, was a substantial compliance with the rule.

Plea in bar sustained.

DECISION OF BICKERTON, J.,   APPEALED FROM.

Petition to revoke probate.

The petition is as follows :

The amended petition of Junius Kaae, one of the heirs of Kealiiahonui, deceased, shows unto this Court :

1.   That the said Kealiiahonui died on or about the 23d day of June, A. D. 1849, being at the time of his death a resident of Honolulu, and leaving estate within the jurisdiction of this Court.

2.   That on January 25th, A. D. 1855, the petition of one L. Haalelea was filed in this Court, representing that Kealiiahonui aforesaid had died as aforesaid; that previous to his decease he had devised his estate to Kekauonohi by a last will and testament ; that said Kekauonohi had since died after devising her estate to the said petitioner ; that the petitioner was beneficially interested in having said will of Kealiiahonui proved and

recorded, and prayed time and place for probate of said will, which he was ready to produce and verify as the law might require and the Court direct.

3. That thereafter, to wit, on February 16, A. D. 1855, before the Hon. L. Andrews and the Hon. G. M. Robertson, Associate Justices of this Court, appeared the said petitioner, L. Haalelea, and presented and filed in the Court a paper writing as and for the last will and testament of the said Kealiiahonui, deceased, for probate.

4. That after certain proceedings had in the Court, an order was made and entered on said February 16, A. D. 1855, admitting said paper-writing to probate as the last will and testament of said deceased Kealiiahonui, and a certificate of the proof thereof as such endorsed thereupon, and the said L. Haalelea proceeded to administer the estate of the said deceased thereunder.

5. That said paper-writing so admitted to probate, as your petitioner is informed and believes, and charges upon information and belief, was never made by the said Kealiiahonui, deceased; was not made at his request; was never dictated by him; was never read to him; that he never put his mark thereto or his hand on that of another who wrote his name; that said paper-writing was not made at Puuloa; that said deceased did not hear anyone ask Abigail Maheha to sign the paper, and that deceased did not ask Kahalewai to sign the same.

6. That said paper-writing was not signed by the said deceased, or by some person in his presence and by his express direction, and was not attested and subscribed in the presence of the deceased by two or more witnesses.

7. That the said paper-writing, as your petitioner is informed and believes and charges upon information and belief, is not the last will and testament of the said deceased Kealiiahonui, but that said paper-writing is a forged paper-writing and was falsely and fraudulently made and forged in Honolulu, a long time after the death of the said deceased.

8. That there is after and newly discovered evidence, to wit, since January, A. D. 1889, that said paper-writing was not

signed by the deceased, or by some person in his presence and by his express direction, and was not attested and subscribed in the presence of the deceased by the alleged witnesses.

9. That said paper-writing was admitted to probate upon insufficient evidence and proof, and contrary to law and the rules of evidence.

10. That due search and inquiry have been made to ascertain if deceased left any will and testament, but none have been found, and according to the best knowledge and belief of your petitioner the said deceased died intestate.

11. That the estate of deceased was of great value, to wit, more than five hundred dollars, and consisted almost entirely of real estate within this Kingdom.

12. That the deceased, Kealiiahonui, died without issue, leaving his widow Kekauonohi, who afterwards married L. Haalelea aforesaid, and died without issue on or about June 2, 1851.

13. That the deceased left two half-sisters: Kinoiki, whose father is unknown to your petitioner, whose mother was Kapuaamohu, the first wife had by Kaumualii, King of Kauai, and father of the deceased; and Nahinu, a daughter of the said Kaumualii and Makua, his second wife. That the said Kinoiki is since deceased, leaving issue Her Majesty Queen Kapiolani, Her Royal Highness Virginia Kapooloku Poomaikelani, and Her Royal Highness Kekaulike, who is since deceased, leaving issue His Highness David Kawananakoa and His Highness Jonah Kuhio Kalanianaole. That Nahinu is since deceased, leaving lawful issue by her marriage with Oliver Chapin Kaluaipihana, who died without issue on or about March 30, A. D. 1867, and Kaeo, who died before said Kaluaipihana, without issue, leaving his widow, Julia Kamaemalia, who died in 1867, and Kamehaokalani.

14. That said Kamehaokalani was married to your petitioner in 1873; that she was at her said marriage nineteen years of age; that they had issue three children who all died in infancy; that the said Kamehaokalani died on or about January 11, A. D. 1882, leaving heirs her husband, your petitioner, and cousins,

Her Majesty Queen Kapiolani, Her Highness Kapooloku and Her Highness Kekaulike, since deceased as aforesaid.

15.   That by her last will and testament duly probated by the order of this Court, issued and made December 27th, A. D. 1882, your petitioner was appointed executor of the estate of the said Kamehaokalani, and letters testamentary issued to him as such, and he still is such executor.

16.   That in A. D. 1855, as your petitioner is informed and believes, and so alleges upon information and belief, at the time of the probate of the said paper-writing purporting to be the last will and testament of the said deceased Kealiiahonui, the said Kamehaokalani was a minor under the age of eighteen years, to wit, one year of age, living on the island of Kauai; her father was dead, having died in 1854; her mother infirm and on her death bed; that no one appeared to represent her, and the Court did not appoint any person to represent her at the said probate of the said pretended will.

Wherefore your petitioner prays that the order admitting the paper-writing purporting to be the last will and testament of the said Kealiiahonui, deceased, made on the 16th day of February, A. D. 1855, be revoked, and that the letters testamentary issued to the said L. Haalelea be cancelled, and that your petitioner, Junius Kaae, may be appointed administrator of the said estate, and that due notice be given to all persons interested to appear at such time and place as this Court may direct; and that the Court make a time and place and issue process summoning the said Her Majesty Queen Kapiolani, Her Royal Highness Virginia Kapooloku Poomaikelani, His Highness David Kawananakoa, and His Highness Jonah Kuhio Kalanianaole to appear and show cause, if any they have, why the prayer of this petition should not be granted.

And your petitioner will ever pray, etc.

———

Mr. F. M. Hatch appears on behalf of Anderia A. Haalelea and files a Plea in Bar as follows:

PLEA IN BAR.

And now comes Anderia A. Haalelea and shows the court that she is the widow of and devisee under the will of L. Haalelea; that her said husband was devisee under the will of Kekauonohi, who was the sole devisee of said Kealiiahonui, and that this respondent is interested in the estate which was devised by the will of said Kealiiahonui.

And this respondent further shows that a petition was filed in this Court on the 2d of July, A. D. 1866 by Kapiolani (w.) and D. Kalakaua, her husband, Kapooloku (w.) and Kanawai, her husband, Kinoiki (w.) and Piikoi, her husband, Keluaipihana (w.) and F. W. Malaihi, her husband, and Kamehaokalani, a minor, by F. W. Malaihi, her next friend, under whom said Kaae claims, praying for the revocation of the probate of the will of said Kealiiahonui upon the same grounds as are set forth in the petition of said Kaae, on which petition judgment was given dismissing the same on the 30th day of November, A. D. 1866.

Wherefore the respondent prays judgment if she should be held to make any further answer herein, and that said petition may be dismissed with costs.

_____

Mr. J. M. Davidson appears for Her Majesty Queen Kapiolani.

Upon an examination of the record of the case pleaded in bar, I find that an appeal was taken from the decision of Mr. Justice Robertson, but was dismissed by the Court in banco, as the bond was not filed in time. A writ of error was then applied for and issued, and after hearing, the Court says: "The Court are of opinion that this writ of error is not maintainable, and that plaintiff in error take nothing by his writ."

It also appears that Kamehaokalani (at that time 16 years of age), through whom this petitioner claims, was a party to all of these proceedings and appeared by F. W. Malaihi, her next friend; but petitioner's counsel contends that the infant, Kamehaokalani, was not represented in the former case, as the record

does not show that Malaihi appeared by leave of the Court, or
was appointed as next friend, as required by the rule of Court,
which reads as follows : "January Term, 1861. It is hereby
ordered that in every suit hereafter to be instituted in this
Court on behalf of a minor, by his *prochein ami*, or next friend,
it shall be incumbent on the party desirous of suing in that
capacity to obtain the sanction of the Court, or of one of the
Justices thereof, before the issuing of process."

There is no question that at the time of that suit this rule was
in force and would have to be complied with. Yet I could not
hold that it must be done in writing, although at the present
time the practice is to have a Justice of the Court endorse on
the petition the appointment of a guardian *ad litem* or *prochein
ami*. I find endorsed on the petition an order for process to
issue, naming the time and place of hearing, and also that pub-
lic notice be given for three weeks in the Hawaiian Gazette to
all parties interested; this order is signed by Mr. Justice Robert-
son; the petition setting out the names of the parties plaintiff, in-
cluding Kamehaokalani, by Malaihi, her next friend, was before
the Justice at the time; and can it not be fairly said that in
making this order the Justice gave his sanction to Malaihi ap-
pearing as next friend of the minor Kamehaokalani. The rule
does not require the appointment of a *prochein ami*, or next
friend; it only requires the sanction of the Court, or a Justice
thereof, for a person to sue in that capacity. It seems to me by
allowing process to issue on that petition, the Justice gave his
sanction, and that the minor Kamehaokalani was properly rep-
resented in Court. The legal presumption (certainly at this
distance of time) is that all things in a judicial proceeding
which ought to be done were done. I find in the record of the
former case that Mr. C. C. Harris, one of the respondents,
referring to the minor, says : "Kamehaokalani is still a minor
and here by next friend."

But counsel for Mrs. Haalelea, the respondent in this case,
contends that even the utter failure to procure the appointment
of a next friend is only an irregularity to be taken advantage
of by motion at the time, and does not affect the jurisdiction

of the Court. The Court entertained jurisdiction in the former case.

The general rule is that the omission to procure the appointment of a guardian or *prochein ami* for the infant plaintiff is no ground for non-suit, and can only be taken advantage of as an irregularity by motion. It is not indispensable in all cases that the proceedings show a formal order of Court admitting a next friend or guardian to prosecute the suit for an infant plaintiff; the leave of the Court may be inferred from its entertaining the action in its early stages. Tyler on Infancy and Coverture, 2 Ed., pp. 196 and 197. There are a number of cases cited in support of the above.

An infant is bound by a decree in a cause where he is a plaintiff, and after coming of age he is not allowed by a new bill to dispute anything that was done during his minority. The rule of law is, that an infant is as much bound by a judgment in his own action as a person of full age. *Gregory vs. Molesworth*, 3 Atk., 626. Chitty Equity Index, vol. 5, p. 4953.

It is contended that in any case of improper action by a *prochein ami*, where the infant might obtain relief, the application to the Court must be made by the infant promptly on becoming of age, otherwise the infant's silence will amount to a confirmation. This contention I understand to be correct; persons cannot sleep on their rights for all time. In this case the infant, who was sixteen years of age at the time the former case was decided, lived until 1862, consequently she slept on her rights (if she had any) for about sixteen years, remaining silent up to the time of her death, and her husband, the petitioner, has remained silent for about eight years. In the case of *Thurston vs. Bishop*, 7 Hawn., 421, the Court held that it was the duty of a minor to assert his claim within a reasonable time after his coming to full age.

After careful examination of this case, and of the authorities, I consider that the petitioner is estopped from what would amount to a re-hearing of the original petition in the case before Mr. Justice Robertson. Both that petition and the one in

this case allege the same grounds why the probate should be revoked, viz: That the will is a forgery.

The plea in bar is sustained.

### Decision of the Full Court.

We support the decision appealed from.

The rule which required "the sanction of the Court, or of one of the Justices thereof, before the issuing of process," upon the application of one desirous of suing as a next friend of a minor, was substantially complied with. The Judge's order for the issue of process, endorsed upon the petition, was a sufficient "sanction" or authority for the person desirous of acting as the next friend of the minor to act throughout the proceedings in such capacity.

Moreover, the minor in question was joined with several adult plaintiffs, and all were represented by counsel, and the case heard upon its merits. There is no claim that the case was not fully and adequately presented and tried.

*C. L. Carter*, for petitioner, appellant.

*F. M. Hatch*, for Mrs. Haalelea, one of the respondents.