# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

# HAWAIIAN ISLANDS.

— ❖ —

## IN THE MATTER OF THE ESTATE OF KEALIIAHO-NUI, Deceased.

PETITION FOR REVOCATION OF ORDER ADMITTING WILL TO PROBATE, AND APPOINTMENT OF ADMINISTRATOR.

APPEAL FROM DOLE, J.

HEARING, FEBRUARY 23, 1893.   DECISION, JUNE 2, 1893.

BICKERTON AND DOLE, JJ.   (Judd, C.J., having been counsel in a previous similar petition, did not sit.)

An executor of a deceased wife's estate filed a petition to revoke an order admitting to probate the will of K., who it was claimed was the uncle of petitioner's testatrix, and a plea in bar thereto was sustained. (8 Haw. 93.) The same person filed another petition with the same object, claiming to be a purchaser of the rights of another person alleged to be a niece and heir of the testator, K. A party in interest pleads the former proceedings in bar. The plea is overruled.

A demurrer was also filed on several grounds, and also overruled.

Respondent claimed that petitioner's deed only amounts to an assignment of a chose in action, which cannot be assigned. Held, that under the deed in question, the petitioner had a right of action. This deed was on the same footing with many deeds under which claimants came into shares of the Charles Kanaina estate.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on an appeal from the decision of Mr. Justice Dole overruling the demurrer and plea filed herein by A. A. Haalelea on behalf of the devisees under the will of Kealiiahonui.   The decision appealed from is as follows :

The petition is based upon alleged newly discovered evidence of fraud and forgery.   The petitioner is Junius Kaae, who filed a similar petition in this Court in 1890, to which a former application for revocation by Kapiolani (w.) and others and a judgment dismissing it were pleaded in bar, which plea in bar was sustained on appeal by the full Court.

A. A. Haalelea, a party in interest pleads these last proceedings in bar to the present petition, saying "that in a proceeding heretofore had in this Court in which said Junius Kaae was a party, the identical matter now set up by said Kaae was litigated and a judgment rendered against him."

Although the petitions in both cases were similar in the complaining part, charging fraud and forgery in the production of the will which they attack, they differ in the statement of the right of the petitioner to appear in the matter. In the first case Junius Kaae claims as executor of his deceased wife Kamehaokalani, who was, as alleged, a niece of Kealiiahonui.   In the present proceedings, he claims as a purchaser of the rights of Kapule whom he alleges to be a niece and heir of the said Kealiiahonui.

It is difficult to see how, by any legal principle, Kapule or her grantee should be estopped by a judgment disposing of the claim of Kamehaokalani.   The application of *res adjudicata* to the case would not be thought of if the two nieces had appeared personally in their own interests ; what difference then can it make that the claim of one was made by her executor and that of the other by her grantee, even though the executor and the grantee are one and the same individual.

The matter of the two petitions is not identical.   "The essential conditions under which the plea of *res adjudicata* becomes applicable, are the identity of the thing demanded, the

identity of the cause of demand and of the parties in the character in which they are litigants." (1 Hermann on Estoppel and Res Adjudicata, s. 102).

The plea in bar is therefore overruled.

A demurrer to the petition is also filed by the said A. A. Haalelea, showing for cause of demurrer:

1. That this Court has no jurisdiction at chambers to set aside upon motion the judgment admitting said will of Kealiiahonui to probate.

2. That said motion does not show good cause for granting a rehearing upon the probate of the will of Kealiiahonui, in that it does not state the names of the witnesses nor the nature of the evidence alleged to be newly discovered.

3. That the petitioner, Junius Kaae, is estopped by his own laches and by the laches of those under whom he claims from the right of being further heard upon the matter set up in his motion.

The counsel for the demurrer argues that decrees in probate have the same status as other judgments, as regards finality and the methods of questioning them, and consequently may not be re-opened except by proceedings in equity, or by a bill of review. He further contends that here all probate powers are statutory, and no such power of reconsidering a decree in probate has been conferred by statute.

Our laws give the judges of the courts of record power to prove wills, appoint administrators, to compel administrators and executors to perform their duties, and to remove them. The conferring of this general authority carries with it all necessary powers which are incident to a court of probate. One of these is the power to revoke a decree admitting a will to probate. This is a useful and necessary quality of courts of probate, and is recognized as such wherever the common law has influenced legal principles and practice.

Our own courts have so construed the laws giving them jurisdiction in these matters, and the following cases, extending over nearly the whole period of our judicial history, show

a consistent sentiment in favor of the existence of this power in our probate courts.

*Keliipelapela vs. Pamano*, 1 Haw., 282.

*In re Paeimuai*, 3 id., 141.

*In re Paaluhi* (Puhi), id., 722.

*In re Kealiiahonui*, 6 id. 1, and 8 id. 93.

*Pupuka vs. Maiwela*, 6 id., 367.

This view is generally supported by English and American authorities.

The case of *Waters vs. Stickney* (1 Allen, 1), which is a leading case on this question, contains the following pertinent statement of the law.

"Even when a will is proved in solemn form, it is within the jurisdiction of the court, for sufficient cause shown, to revoke the probate. The English authorities recognize as sufficient causes of revocation, forgery of the will, fraud in obtaining probate, neglect or mismanagement in conducting the suit, or the production of a later will." (Page 4).

In *Bowen vs. Johnson* (5 R. I., 119–20), the Supreme Court of Rhode Island held that the power to revoke a probate once granted, although nowhere expressly recognized in the statutes of that state, was a just and necessary power to be implied from the statute conferring general authority to 'take the probate of wills and grant administration on the estates of deceased persons.'" (Page 14).

"In face of these authorities (referring to a number of cases) it is impossible to deny the power of a court of probate to approve a subsequent will or codicil, after admitting to probate an earlier will by a decree, the time of appealing from which is past; or to correct errors arising out of fraud or mistake in its own decrees. This power does not make the decree of a court of probate less conclusive in any other court, or in any way impair the probate jurisdiction, but renders that jurisdiction more complete and effectual, and by enabling a court of probate to correct mistakes and supply defects in its own decrees, better entitles them to be deemed conclusive upon other courts." (Page 15).

As to the second ground of the demurrer—that the motion does not state the names of witnesses nor the nature of the evidence alleged to be newly discovered; the petition in this case cannot be regarded as a motion for a new trial under Sections 1155 and 1156 of the Civil Code, which must be filed within ten days from verdict or judgment, and must be supported by affidavit of the alleged newly discovered evidence.

It does not appear that Kapule, the petitioner's grantor, was ever a party to any of the former proceedings relating to this estate, or has become bound by any of the decrees rendered therein; she is then entitled to be heard, and these proceedings are so far original in their nature, although the prayer that the probate of the will be revoked, which would necessarily be preliminary to the granting of letters of administration, might perhaps be regarded as in the nature of a motion under the old proceedings.

It has not been the practice of our Court to require upon a petition like this affidavits of the names of witnesses and the nature of the evidence, though it would seem upon some grounds that such a rule would be desirable.

Such a rule would enable the Court to consider more advantageously the question of laches—the third ground of the demurrer. However, as the petition recites that evidence has been discovered since January, 1889, to the effect that the said will was not signed by the deceased or by any one in his presence, or by his request, knowledge or consent, and was not attested or subscribed in the presence of the deceased by the pretended witnesses thereof, it does not seem that the charge of laches is well supported. "Delay is immaterial as long as the person delaying does not know his rights, or is ignorant of the fact that the transaction can be impeached." (May on Fraud, 518.) "The right of the party defrauded to have the transaction set aside is not affected by lapse of time so long as he remains without any fault of his own in ignorance of the fraud which has been committed." (Kerr on Fraud, 52).

It is not for this Court to consider questions relating to the present status of the property of the deceased, and the extent to which it may or may not be affected by these proceedings.   Such questions are not now under consideration.

The demurrer is overruled.

## BY THE COURT.

The above decision sets out the case in full, with the plea in bar and the grounds of demurrer.   We are of the opinion that the decision on the plea in bar and the grounds set out in the demurrer should be sustained, and we adopt it as the opinion of this Court.   But a new point has been raised by the respondent, viz., "That petitioner under the deed which he sets forth took no right to maintain this proceeding.   It amounts merely to the assignment of a chose in action, viz., the right to attack a judgment for an alleged fraud, and that a right of this kind cannot be assigned."

In Anderson's Dictionary of Law, we find the following :

"The general definition of 'chose in action' is a right not reduced into possession ; a note bond, or other promise not negotiable is denominated a chose in action, before the promisor or obligor is liable to an action on it, as well as after. A note for money payable on time is a chose in action as soon as made."

"The term 'chose in action' is one of comprehensive import.   It includes the infinite variety of contract covenants and promises which confer on one party the right to recover a personal chattel or a sum of money from another by action. A debt secured by a bond and mortgage is an example."

"In its enlarged sense a chose in action may be considered as any right to damages, whether arising from the commission of a tort, the omission of a duty, or the breach of a contract."

In Bouvier's Law Dictionary we find the following definition :

"'Chose in action,' a right to receive or recover a debt or money, or damages for breach of contract, or for tort con-

nected with contract, but which cannot be enforced without action."

The consideration named in the deed in question is love and affection, an undertaking and promise of the grantee to provide for the grantors a comfortable and suitable support and maintenance during the remainder of their respective lives, and the sum of one dollar. These are good and sufficient considerations; for these considerations the grantors "have bargained, sold and grant, convey, assign, transfer, set over and deliver unto the grantee, all and singular the lands, tenements, hereditaments and appurtenances, goods, chattels and effects, rights, privileges and equities, rights and choses in action, and all property and property rights whatsoever of every name and nature which now belong or which shall hereafter belong, descend, revert or accrue to, or which is. or are now or shall hereafter be owned, possessed or enjoyed by said grantor Kapule or her husband." Following this is a very full power of attorney to the grantee.

We are of the opinion that this is an absolute deed to the petitioner of all the rights, title and interest (if any exists) of the grantors in the lands and estate of Kealiiahonui. This deed is on the same footing with many deeds under which claimants came into shares of the Charles Kanaina estate.

On February 23d, 1893, the following stipulation was filed:

The parties to this cause, namely, Junius Kaae, the petitioner, and Mrs. A. A. Haalelea, the respondent, and their respective counsel, do hereby stipulate and agree as follows:

Whereas the Honorable S. B. Dole, formerly a Justice of said Supreme Court, has resigned his seat upon the bench of said Court since the appeal of said respondent herein was argued and submitted for decision to and by said Court, which consisted, for the purposes of said appeal and its decision, of Mr. Justice Bickerton and said Honorable S. B. Dole, then such Justice as aforesaid, and

Whereas, by reason of said resignation of said Honorable S. B. Dole, no decision has been rendered upon said appeal in this cause;

Now, therefore, it is hereby agreed that the said Honorable S. B. Dole may participate in, make, sign, file and enter a decision and judgment in this cause, upon said appeal, in like manner as though he were still in commission as a Justice of said Court. And that such decision and judgment when so signed, filed and entered (if concurred in by said Mr. Justice Bickerton), shall have the same force and effect to all intents and purposes, as though the same has been made, signed, filed and entered by a majority of the Justices of said Court actually in commission as said Justices of said Court.

Dated this 16th day of February, 1893.

| | |
|---|---|
| [Signed] | ALFRED S. HARTWELL, |
| | C. W. ASHFORD, |
| | Counsel for petitioner. |
| [Signed] | F. M. HATCH, |
| | Counsel for respondent. |
| [Singed] | JUNIUS KAAE, |
| | Petitioner. |
| [Signed] | A. A. HAALELEA, |
| | Respondent. |

The decision of the lower Court overruling the demurrer and plea is sustained, and the appeal is dismissed.

*A. S. Hartwell* and *C. W. Ashford*, for petitioner.

*F. M. Hatch*, for respondent.