## IN THE MATTER OF THE ESTATE OF OPAE,
### Deceased.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED DECEMBER 17, 1895.          DECIDED JANUARY 4, 1896.

JUDD, C.J , AND FREAR, J.

Article 88 of the Constitution does not disqualify a Judge from sitting
on a petition for the revocation of the probate of a will previously
admitted to probate by himself.

OPINION OF THE COURT BY FREAR, J.

This is an appeal from a refusal of the Circuit Judge of the
Fifth Circuit to entertain jurisdiction of a petition for the
revocation of the probate of a will previously admitted to pro-
bate by himself—the ground of the refusal being that "no
judge or magistrate shall sit on an appeal or new trial in any
case in which he may have given a previous judgment." Const.,
Art. 88.

Neither the letter nor the spirit of the constitutional provision
stands in the way of the Judge's jurisdiction, for the case upon
which he is asked to sit is certainly neither an appeal nor a new
trial, nor does it even involve a question upon which he has
previously passed. The first question for him to decide is
whether the petition shows facts sufficient to entitle the pe-
titioner to a revocation. This is a question of law upon which
surely he has not previously passed. If on the one hand the
petition shows the same case as that presented at the previous
hearing, or even if it shows facts which are new but which are

insufficient in law, or which although sufficient in law might by the exercise of reasonable diligence have been ascertained and presented at the previous hearing, or if it shows the petitioner guilty of laches, then it should be dismissed and not heard further, either by the Judge himself or by any other Judge. If, on the other hand, it shows facts sufficient in law, then a second question is to be decided—whether the allegations are true in fact. The object of this further hearing is not to correct errors made at the previous hearing or to hear the previous case anew. The remedy to correct errors then made was by appeal. On this petition for revocation the previous decision must be assumed to have been correct on the case then presented and it cannot be reversed except for legally sufficient grounds, which are necessarily grounds that were not passed upon at the previous hearing. The argument of prejudice from having given previous judgment does not apply, for the reason that the Judge is not expected to change his opinion, but on the contrary is prohibited from doing so by the general principles applicable to *res adjudicata*. The jurisdiction of a Judge to sit on a petition for the revocation of the probate of a will previously admitted to probate by himself has hitherto been unquestioned. *Estate of Kaualii*, 5 Haw. 150; see also *Estate of Kealiiahonui*, 9 Haw. 1; also *Estate of Banning*, Ib. 354.

The decision appealed from is reversed and the cause remanded to the Circuit Judge for such further proceedings as may be proper.

*E. Johnson*, for petitioner.

*S. K. Kaeo*, for respondent.