# PEKELO AKEAU v. IAKONA, KAHUE and NOA KUIKI.

## APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED OCTOBER 5, 1900.    DECIDED DECEMBER 28, 1900.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A court of equity cannot on the ground of fraud set aside a decree of a probate court admitting a will to probate, the alleged fraud consisting in adding the name of a second witness to the will after the death of the decedent.

### OPINION OF THE COURT BY FREAR, C.J.

The only question presented on this appeal is whether a court of equity may set aside on the ground of fraud a decree of the probate court admitting a will to probate, the alleged fraud consisting in adding the name of a second witness to the will after the death of the decedent.

The general rule is that equity may relieve against every species of fraud and so may set aside or annul decrees or judgments obtained through fraud; but that it cannot set aside or annul for fraud decrees or judgments admitting wills to probate is an exception established almost as firmly as the rule itself— whether the reasons for the exception are good or not. *Allen v. McPherson*, 1 H. L. Cas. 191; *Case of Broderick's Will*, 21 Wall. 503; *Ellis v. Davis*, 109 U. S. 485; *Simmons v. Saul*, 138 U. S. 439; *State v. McGlynn*, 20 Cal. 233; *Archer v. Meadows*, 33 Wis. 166; *Stowe v. Stowe*, 140 Mo. 594; *Wolcott v. Wolcott*, 140 Mass. 194. In *Barnsley v. Powell*, 2 Ves. Sr. 284, a distinction was taken between a case in which the probate was obtained by fraud and a case in which the will was

obtained by fraud, and this is sometimes cited in support of the view that equity may set aside a decree admitting a will to probate, on the ground that the probate was obtained by fraud, although it would not set aside such a decree on the ground merely that the will itself was obtained by fraud. How far such a distinction should be observed we need not say. The actual decision in *Barnesley v. Powell* did not go to that extent, and it seems to be settled that, whether the distinction is well taken or not, equity will not act where the alleged fraud in procuring the probate consists merely in concealing the fact that the will was fraudulently obtained. See cases *supra*, particularly *Archer v. Meadows*, for a discussion of *Barnesley v. Powell.*

Counsel rely on *Wei See v. Yong Sheong*, 3 Haw. 489, and *Adams v. Parke*, 6 Haw. 276, to show that the law has been determined otherwise in these islands. In the latter of these cases, a Justice sitting alone in equity held merely that he could inquire into the jurisdiction of a probate judge to appoint one not a licensed auctioneer to conduct a sale, but, found that the probate judge had such jurisdiction. In the other case the full court held that a court of equity could review a decree of distribution of a probate court and decree a new distribution itself where the executor had withheld part of the estate from his inventory and distributed it according to instructions contained in a letter outside of the will and without the approval of the court, and where the portion distributed with the approval of the court had been distributed in the absence and without the knowledge of interested parties, whose existence was known to but not disclosed by the executor. Whether this decision was correct or not we need not say. It does not go to the extent of sustaining counsel's view. The courts elsewhere which hold that equity will not set aside a decree admitting a will to probate also hold that it may set aside decrees of distribution on the ground of fraud. On the other hand it may be said that our courts of probate are clothed with full probate powers, and have jurisdiction to admit to probate wills of real property as well as of per-

sonal property and may set aside for fraud wills so admitted, and the practice has been to apply for revocation of probates to the probate courts themselves without going into equity. *Keliipelapela v. Pamano*, 1 Haw. 503; *Est. of Gill*, 2 Haw. 699; *Est. of Paeimuai*, 3 Haw. 141; *Est. of Paaluhi*, 3 Haw. 722; *Est. of Kualii*, 5 Haw. 150; *Papuka v. Maiwela*, 6 Haw. 367; *Est. of Kealiiahonui*, 8 Haw. 93; 9 Haw. 1; *Est. of Opac*, 10 Haw. 188.

The decree of the Circuit Judge sustaining the demurrer and dismissing the bill is affirmed.

*Kinney, Ballou & McClanahan* and *H. A. Bigelow* for plaintiff.

*T. McCants Stewart* for defendants.