JOSEPH ALOY *v.* COOKE TRUST COMPANY, LIM-
ITED, AND THELMA MOORE AKANA, EXECU-
TOR AND EXECUTRIX OF THE ESTATE OF
DAVID Y. K. AKANA, DECEASED.

No. 2597.

SUBMITTED JULY 13, 1945.     DECIDED SEPTEMBER 12, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an appeal from the decision and decree of the
circuit judge at chambers in equity sustaining the appel-
lees' demurrer to appellant's amended petition to annul
the decree which admitted to probate the will of Amoy
Akuna Amasiu, deceased.

There are but three specifications of alleged error, each
directed toward a certain ground of the demurrer upheld
by the circuit judge as the premise of his decision at a
hearing in which appellant by reference made the record
of probate a part of the amended petition. The specifica-
tions are that the circuit judge erred in holding (1) that
the amended petition did not state a cause in equity, (2)
that the doctrine of *res judicata* applies and (3) that ap-
pellant is guilty of laches.

It is not necessary to detail herein the allegations of
the amended petition which purport to state a cause in
equity. Briefly, they are to the effect that the will was

fraudulently prepared and executed and that the testimony in respect to its preparation and execution, upon which the decree admitting the will to probate was rendered, was false, the issues of which were presented at the time of probate by way of contest upon substantially the same grounds as evidenced by the record of probate. Determinative of the appeal, this court is of the opinion that such do not constitute grounds of equity jurisdiction and that appellant's first specification of error is untenable.

In *Akeau* v. *Iakona*, 13 Haw. 216, it was held that equity cannot set aside or annul decrees or judgments admitting wills to probate for alleged fraud in the execution of the will probated. Undoubtedly the general rule, established in both England and America, is that a court of equity will not entertain jurisdiction of a bill to set aside a will or the probate thereof on any ground of intrinsic fraud, the principal reasons assigned by equity courts for not entertaining bills on questions of probate being that the probate courts themselves have all the powers and machinery necessary to give full and adequate relief and that their decrees are final and conclusive and not subject, except on an appeal to a higher tribunal, to be questioned in any other court. (See *Case of Broderick's Will*, 88 U. S. 503 [21 Wall.], 22 L. ed. 599; *Ellis* v. *Davis*, 109 U. S. 485, 27 L. ed. 1006; *Simmons* v. *Saul*, 138 U. S. 439, 34 L. ed. 1054; *State of California* v. *McGlynn*, 20 Cal. 234, 266; *Kerrich* v. *Bransby*, 7 Bro. P. C. 385, 3 Eng. Rep. R. 284 [1727]; *Webb* v. *Claverden*, 2 Atk. 424, 26 Eng. Rep. R. 656 [1742]; *Allen* v. *M'Pherson*, 1 H. L. 191 [1847-48].)

From the foregoing it is evident that the circuit judge did not err in holding that the amended petition, which seeks to annul the decree of probate on alleged grounds of fraud relating to the matter tried and issues determined in admitting the will to probate, did not state a cause in equity. It should be noted that, if seasonably commenced,

an application to annul or set aside a decree of probate is purely a probate proceeding in which the court rendering the decree has ample power to give plain, adequate and complete relief. (See *Estate of Brown*, 25 Haw. 70, 75.)

Any error which may have been committed in holding that the doctrines of *res judicata* and laches are applicable in a court of equity to the cause stated by the amended petition is entirely harmless and nonprejudicial, the cause not being cognizable in equity and the holding being merely alternative to the one upon which the sustaining of the demurrer was correctly based. Furthermore, the error, if any, was invited by the appellant when he incorporated into his amended petition the record of probate which reveals that he appeared as a party of record before the probate court claiming to be the sole heir at law of the deceased and contested the probate; that he took no appeal whatsoever from the decree of probate which in addition to admitting the will overruled his contest; that more than four years later he petitioned the probate court to revoke the decree of probate and took an abortive appeal from its decree dismissing his petition. (See *Estate of Amasiu*, 36 Haw. 394.) A comparison of the record of probate with the record in equity shows that the grounds of the two attempts in probate to defeat the probate of the will are substantially the same as those of his amended petition in equity and that the purpose of the amended petition is identical to that of his petition in probate. The comparison also shows that the present cause was instituted in equity more than six years after the decree sought to be annulled was rendered in probate. For these reasons appellant's second and third specifications of error have no efficacy and merit no further appellate consideration.

Decision and decree affirmed.

*W. C. Achi* for petitioner-appellant.

*Heen & Kai* and *M. K. Ashford* for respondents-appellees.