## IN THE MATTER OF THE ESTATE OF AMOY AKUNA AMASIU, DECEASED.

No. 2614.

Argued March 12, 1946.          Decided March 28, 1946.

Kemp, C. J., Peters and Le Baron, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an appeal from an order sustaining the demurrer to a petition to set aside the decree admitting the will of Amoy Akuna Amasiu to probate.

The history of former litigation in which the petitioner sought the same relief he here asks appears in two opinions of this court, reported in *Estate of Amasiu*, 36 Haw.

394, and in *Aloy* v. *Cooke Tr. Co. et al.*, 37 Haw. 171.

The demurrer is both general and special and the order sustaining the demurrer is general. One of the special grounds of the demurrer is "That petitioner is estopped to attack the decree of probate and has waived any objection thereto." If this special ground of the demurrer is good, it will be unnecessary to consider any of the other grounds.

There are no material differences in the grounds alleged by the petitioner in his contest of the petition for probate, those alleged in his first attempt to have the decree admitting the will to probate set aside, and the grounds alleged in the present petition. All three of these proceedings were in the same court and cause and the record of all three are before us.

Petitioner made no attempt to appeal from the decree admitting the will to probate. He took an abortive appeal from the decree sustaining the plea in bar to his first attempt to have the decree admitting the will to probate set aside. (*Estate of Amasiu*, 36 Haw. 394.)

Under these circumstances we think the cases involving the will of Kealiiahonui are controlling.

The will of Kealiiahonui was admitted to probate in 1855. In 1866 Kamehaokalani, a minor, by next friend, and others, petitioned the probate court for revocation of the decree admitting the will to probate on the ground of forgery and fraud. After a hearing before Mr. Justice Robertson revocation was denied for failure of petitioner to sustain the allegation of fraud or forgery. (*Estate of Kealiiahonui*, 6 Haw. 1.) An appeal from the decision of Mr. Justice Robertson was dismissed as the bond was not filed in time. A writ of error was then issued, and after a hearing the court said: " 'The Court are of opinion that this writ of error is not maintainable, and that plaintiff in error take nothing by his writ.' " (See 8 Haw. 97.)

Thereafter, in 1890, Kamehaokalani having died, Junius Kaae, as executor of her will and estate, filed his petition in probate for the revocation of the probate of the will of Kealiiahonui on the ground of forgery and newly discovered evidence thereof.

Andria A. Haalelea, an interested party respondent, filed a plea in bar on the ground that the petition filed in 1866 by Kamehaokalani and others was upon the same grounds as are set forth in the present petition for revocation.

Mr. Justice Bickerton, before whom this petition was heard, said: "After careful examination of this case, and of the authorities, I consider that the petitioner is estopped from what would amount to a re-hearing of the original petition in the case before Mr. Justice Robertson. Both that petition and the one in this case allege the same grounds why the probate should be revoked, viz: That the will is a forgery." On appeal the full court sustained Mr. Justice Bickerton's decision. (8 Haw. 93, 99, 100.)

In 1893 a third petition for revocation of the probate of the will of Kealiiahonui was filed and heard by Mr. Justice Dole. This petition was based upon alleged newly discovered evidence of fraud and forgery. It was filed by the same person who filed the 1890 petition, but in the 1890 petition he sued as executor of the will of Kamehaokalani, his deceased wife who was a party to the 1866 petition, whereas in this petition he sued in his own behalf as purchaser of the rights of Kapule, an alleged heir of Kealiiahonui, who had not been a party to either of the former proceedings. A plea in bar based on the judgment entered in the 1890 proceeding was overruled by Mr. Justice Dole and on appeal his decision was adopted as the opinion of this court. The crux of Mr. Justice Dole's decision overruling the plea in bar follows: "It is difficult to see how, by any legal principle, Kapule or her

grantee should be estopped by a judgment disposing of a claim of Kamehaokalani. * * * The matter of the two petitions is not identical. 'The essential conditions under which the plea of *res adjudicata* becomes applicable, are the identity of the thing demanded, the identity of the cause of demand and of the parties in the character in which they are litigants.' (1 Hermann on Estoppel and Res Adjudicata, s. 102)." *In re Kealiiahonui*, 9 Haw. 1, 2.

The overruling of the plea in bar in this third attempt to have the probate decree revoked does not militate against the holding in the case reported in 8 Haw. 93, but is rather a reaffirmance of that case, it being apparent that the plea was overruled because neither Kapule nor her assignee could be estopped by a judgment disposing of a claim of Kamehaokalani.

We conclude that the special ground of demurrer to the effect that the petitioner is estopped by the judgment in his former attempt to have the probate decree revoked was properly sustained.

The order sustaining the demurrer should therefore be affirmed and it is so ordered.

*W. C. Achi, Jr.* (also on the briefs), for respondent-appellant.

*M. K. Ashford* (*Heen & Kai* with her on the briefs) for respondents-appellees.