SOLOMON K. LALAKEA AND MOLLIE PANG LALA-
KEA *v.* LAUPAHOEHOE SUGAR COMPANY,
ET AL.

No. 2326.

No. 2327.

ARGUED MAY 27, 1937.                    DECIDED JUNE 16, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

*Per Curiam.* There are now pending in this court the appeals of the petitioners Solomon K. Lalakea, Mollie Pang Lalakea and of two respondents, viz: Lily Hewahewa and Thomas Kanamu Lalakea, a minor by Lily Hewahewa his guardian *ad litem,* from the "final decree in partition" in the above-entitled cause. The respondents-appellants have filed opening and reply briefs in compliance with rule 3 of this court. By motions to dismiss the appeals of the respondents-appellants and to strike their briefs from the files, which upon a hearing were consolidated, are now presented to this court two questions which we will consider *seriatim:*

(a) Where a respondent who is in default and against whom a decree *pro confesso* has been entered and without prior application for relief from such default and without permission thereto theretofore granted, appears and files a motion to vacate and set aside the interlocutory decree in partition in respect to the sale of part of the property subject to suit and said motion, notwithstanding the motions of opposite parties to strike the same from the records, is permitted to remain in the files of the cause and is consid-

ered by the court and denied; and pursuant to the interlocutory decree in partition, a sale of property subject to suit having been made by the commissioner thereto appointed, said respondent again appears and files objections to said sale and said objections, notwithstanding the motion of opposite parties to strike them from the files, are allowed to remain in the files of the cause and are considered by the court and overruled; and the commissioner having filed his report praying for confirmation of sale made by him said respondent again appears upon the day appointed by the court for the hearing of the commissioner's report and petition for confirmation of sale, and files objections to the commissioner's report and petition for confirmation of sale and, notwithstanding the motions of opposite parties to strike the same from the files, said objections are permitted to remain in the files of said cause and are considered by the court and overruled; and a final decree in partition having eventually been filed, may said respondent take an appeal from such final decree in partition to this court?

Section 4755, R. L. 1935, which is a part of the local law pertaining to the partition of real property, provides: "All parties who shall not have appeared in the suit on or before the return day or within such further time as may be allowed by the court shall be deemed to be in default and as consenting to any partition or other disposition of the property as shall be decreed in accordance with the provisions of this chapter." Ordinarily in equity where a party respondent fails to appear in the suit on or before the return day or within such further time as may be allowed by the court the allegations of the bill are taken as confessed and a decree *pro confesso* may be entered thereon. (21 C. J., T. Equity, § 937, p. 783.) After the entry of the decree *pro confesso* the defaulting respondent has no standing in court the proceedings being *ex parte*

as to him from that time on to final hearing, unless the default is set aside. (Id. § 944.) And where a decree follows a bill taken *pro confesso,* with certain exceptions not necessary at this time to consider, no appeal will lie therefrom by the defaulting party. (3 C. J., T. Appeal and Error, § 451, p. 607.)

But decrees *pro confesso* and interlocutory decrees entered thereon are subject to the plenary control of the court entering them and ordinarily upon proper application made and for good cause shown the court will vacate and set aside the decree *pro confesso* and the interlocutory decree entered thereon and permit the defaulting respondent to appear upon terms (21 C. J., T. Equity, § 946, p. 793) a common instance of which is to permit a defaulting respondent to apply for the correction of a decree entered on a bill taken as confessed. (Id. § 952.)

No formal application was made by the respondent Hewahewa for relief from the effects of the decree *pro confesso* theretofore entered against her upon the original bill and the cross bill of the corespondent Laupahoehoe Sugar Company but in our opinion the denial by the court of the motions of the opposite parties to the cause to strike the respective pleadings of the respondent from the files was tantamount to vacating and setting aside the decree *pro confesso* against her to the extent of permitting the respondent to be heard upon the subjects of her objections on the record as it respectively existed at the time that the pleadings were filed. The practical effect of the motions of the opposite parties to strike the respondent's pleadings from the files was to confront the court with the question whether in the exercise of a sound judicial discretion it would enforce the penalties of the respondent's default or permit her pleadings to remain in the files and allow her hearings thereon. And his denial of the motions to strike and his consideration of the respondent's pleadings are consistent with the temporary abeyance of the decree *pro*

*confesso* and the recognition of the respondent as properly before the court upon the respective pleadings filed by her. Whether or not the trial judge was guilty of an abuse of discretion in considering the respondent's pleadings and ruling thereon is not a subject of inquiry upon the instant motions. The fact remains that he did consider the respondent's pleadings; that he ruled thereon and that his denial of the motion to vacate and set aside the interlocutory decree in partition and his overruling of the objections to the proceedings taken pursuant thereto were upon the merits of the respective pleadings and not upon the ground that the respondent as a result of her default was foreclosed from being heard. Under the circumstances the respondent Hewahewa was in the same position as though the decree *pro confesso* and the interlocutory decree entered thereon had been vacated and set aside by the judge in order to permit her to appear and file the motion and objections referred to. This being so the respondent Hewahewa is entitled to appeal to this court from the final decree in partition into which the questions presented by her pleadings have been finally resolved.

(b) Upon a general appeal to this court from a decree of a circuit judge in chambers by a minor by his next friend, is a formal order by this court, admitting the next friend to prosecute the appeal of the minor, essential to its jurisdiction?

The same question in substantially the same form was answered in the negative by this court in the case of *Ahin* v. *District Magistrate,* 11 Haw. 279. (See also *Estate of Kealiiahonui,* 8 Haw. 93, 99; *Lukua* v. *Manaia,* 21 Haw. 160, 163.)

This court has recognized the appearance of Lily Hewahewa as the next friend of the minor Thomas Kanamu Lalakea upon the appeal of the latter by her as his next friend in this court. The appeal and notice of appeal of the minor by his next friend Lily Hewahewa was filed in

the circuit court on November 24, 1936. On December 15, 1936, this court, by a justice thereof, entered an order enlarging the time of "Thomas Kanamu Lalakea, a minor, by his next friend Lily Hewahewa," within which to file the necessary papers in his appeal to this court and further ordering that the record together with all other papers and exhibits submitted to this court in the prior appeal of this case, being No. 2207 in this court, should be a part of the record in this appeal by reference and fully incorporated herein. The certified transcript of the record was received for filing in the clerk's office of this court on January 25, 1937. Under the circumstances a formal order of Lily Hewahewa's appointment was unnecessary.

An anomalous situation, however, has arisen which must be corrected. The minor Thomas Kanamu Lalakea by his former guardian *ad litem* thereto appointed by the judge of the circuit court of the fourth circuit and whose duties by the terms of the order of his appointment were expressly limited to the fourth circuit court, is, as appellee, one of the movants moving to strike his own appeal taken by his next friend Lily Hewahewa and to strike his own briefs filed as such appellant. This confusion of representation in this court of the minor must not be permitted to continue. There will therefore be signed upon presentation a formal order to be dated and entered *nunc pro tunc* as of the date of the filing in the fourth circuit court of the minor's notice of appeal and appeal to this court from the final decree filed November 24, 1936, admitting Lily Hewahewa as the exclusive next friend of the minor Thomas Kanamu Lalakea to prosecute the said appeal of said minor from said final decree.

The motions are accordingly denied.

*H. Irwin* (also on the brief) and *E. H. Beebe,* of the firm of *Smith, Wild, Beebe & Cades,* for the motions.

*W. B. Lymer* filed motions but did not argue.

*P. Silver* contra.