PIONEER MILL COMPANY, LIMITED, AN HAWAIIAN CORPORATION, *v.* VICTORIA KATHLEEN WARD, EXECUTRIX, ET AL.

No. 2283.

ARGUED JANUARY 31, 1939.       DECIDED FEBRUARY 6, 1939.

*Per Curiam.* The above-entitled matter is now before the court for hearing on the motion of Joseph V. Hodgson, guardian *ad litem* of certain minor respondents, and on the motion of the appellant Victoria Kathleen Ward for the allowance of counsel fees for services performed in this court, to be apportioned as costs for payment by and between the parties to this cause as to the court may seem

equitable, and the appellant asks for the allowance of her bill of costs herein, to be apportioned in the same manner. To each of the motions the appellee Pioneer Mill Company, Limited, filed a return. Both returns raise the question of the jurisdiction of this court to allow attorneys' fees, under section 4756, R. L. 1935, relating to costs and the allowance of attorneys' fees in partition, the claim being that they may be allowed only by the circuit judge or chancellor and not by the appellate court; that counsel fees, if any are allowed, should be taxed against the parties only who derive benefits from the services of such counsel and should not be allowed or taxed against the petitioner-appellee, an adverse party; and as to the bill of costs attached to appellant's motion the return contests the validity of one item as follows: "Copy of Transcript 107.57." The return to the motion of the guardian *ad litem,* in addition to the above, raises the question of the jurisdiction of this court to appoint said guardian *ad litem,* the claim being that the circuit judge has sole jurisdiction in such matters; that if jurisdiction exists such appointment may be made only when the minor has no guardian and that when this court appointed said guardian *ad litem* said minors had a guardian *ad litem,* appointed by the circuit judge of the court in which this partition proceeding originated; that the decree appealed from was acquiesced in by the guardian *ad litem* appointed by the circuit judge and was not appealed from by said minors; that the said guardian *ad litem* was without authority to employ counsel, no court having authorized him to do so, and that if a fee is to be allowed to said guardian *ad litem* it will be necessary to secure the appointment of another guardian *ad litem* to represent such minors upon this hearing for such allowance; that if said guardian *ad litem* is entitled to an allowance for his attorney's fees they are payable wholly out of the minors' property and that the value of

the interest of the respondents, who were minors at the time of the entry of the decree appealed from, does not exceed $30 in value and that the claim of the guardian *ad litem* for an attorney's fee of $1000 is excessive and exorbitant.

Counsel for the appellant and the appellee and the guardian *ad litem* in person and his counsel have argued their respective contentions and counsel for the appellant and appellee have submitted written memoranda and authorities. After due consideration we hold: That as to costs, with a single exception not here involved, as distinguished from counsel or attorneys' fees, the statute is mandatory that they be paid by the petitioner in the first instance but eventually by all of the parties in proportion to their interests in the property; that all of the items in appellant's bill of costs, except the item, "Copy of Transcript 107.57," are proper costs of the proceedings and are therefore allowed and taxed in the sum of $549.75, the item of $107.57 for copy of transcript being disallowed.

We further hold, on the authority of section 4857 and *Lalakea* v. *Laupahoehoe S. Co.,* 34 Haw. 232, and the authorities therein cited, that this court is amply clothed with authority to appoint guardians *ad litem* to protect the interests of minors in the subject matter of litigation pending in this court and the fact that the circuit judge before whom the proceeding was heard had appointed a guardian *ad litem* for the same minors, who appeared for them in the circuit court, does not deprive this court of its right to appoint another to protect the rights of said minors in this court, especially where the one appointed by the circuit judge has not appeared in this court with or without authority from this court to so appear.

Section 4744 provides for the appointment of a guardian *ad litem* for such of the respondents as are under legal age or under any other legal disability when

it appears that such respondent is without a guardian. Petitioner argues that since a guardian *ad litem* was appointed for the minor respondents by the circuit judge the facts which give rise to the right to appoint a guardian *ad litem* did not exist when the guardian *ad litem* now before the court was appointed. The statute in question clearly refers to those persons under legal disability who are without a legal guardian. There is no showing here that the minors represented by the guardian *ad litem* in this court had a legal guardian and no guardian *ad litem* appeared for them in this court.

On the authority of *Otani* v. *Otani*, 30 Haw. 61, which construed a very similar statute giving "the judge" authority to allow attorneys' fees in divorce as also conferring such authority on this court, we hold that section 4756, which authorizes "the judge" to allow such fees in partition, confers upon this court the same authority when the litigation reaches this court.

Said statute, in so far as it relates to the allowance of attorneys' fees, is not mandatory. The judge of the circuit court, and likewise this court, in passing upon such a motion may disallow such fees or allow them with or without apportioning them for payment by the parties to the litigation as to him or it shall seem equitable in the light of the services performed and the benefits derived therefrom by the parties respectively. One of the burdens incident to ownership of land as a tenant in common with others is the chance that partition proceedings will be prosecuted by some one or more of the cotenants and our legislature has, in its wisdom, provided for the allowance of attorneys' fees to all of the parties to such proceedings and has authorized the apportioning of said fees for payment by the parties as to the judge shall seem equitable. When land is held in cotenancy any moiety thereof owned by individuals is likely at any time to become vested in a

minor or minors. When the situation occurs and some one of the cotenants elects to have the land so held partitioned, it would, in our opinion, be unjust and inequitable to deny to said minors, regardless of the value of their interests, the privilege of having their attorneys' fees allowed and apportioned for payment by all of the parties in proportion to their interests. The circuit judge evidently was of the opinion that the expense incident to having the interest of said minors protected in his court should be borne by all of the cotenants in proportion to their interests in the property for he allowed the guardian *ad litem* a fee and ordered it paid by the petitioner in the first instance but eventually by all of the parties in proportion to their interests.

If permission from this court was a prerequisite to the authority of the guardian *ad litem* to employ counsel, the recognition by this court of the counsel so employed and the acceptance of his assistance to the court in its disposition of the case has now rendered such permission unnecessary. (*Lalakea* v. *Laupahoehoe S. Co., supra.*)

Under the circumstances of this case we think that all we have said regarding the apportionment of the fee to be allowed the guardian *ad litem* applies with equal force to the fee to be allowed counsel for the appellant Victoria Kathleen Ward. We therefore hold that such reasonable attorneys' fees as we herein find and award to the guardian *ad litem* and the appellant should be apportioned for payment by all of the parties in proportion to their several interests in the property to be partitioned.

The question of what is a proper allowance in matters of this kind must be decided in the light of the services performed and the benefits derived therefrom by the parties respectively. If appellee's argument that it, an adverse party, cannot be required to bear any portion of said expense was followed the court could never "apportion the same for costs" as authorized by the statute. We therefore

conclude that the allowances hereinafter indicated should be paid in the first instance by petitioner but eventually by all the parties in proportion to their interests.

We conclude that a reasonable allowance to the attorneys for the appellant is $750 and that a like allowance for the services of the guardian *ad litem* and his attorney is reasonable. An order for the payment of costs and attorneys' fees in accordance with the views herein expressed will be entered upon presentation.

*M. K. Ashford, J. V. Hodgson,* Attorney General, and *R. J. O'Brien* for the motion.

*H. Edmondson* contra.